## (December 28, 1981)

■ GENEVIEVE L. ALFANO, Individually and as Administratrix of the Estate of GEORGE ALFANO, Deceased, Plaintiff, v MARLBORO AIRPORT, INC., Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. GEORGE ALFANO,

Third-Party Defendant-Respondent. — In a wrongful death action, the defendant third-party plaintiff appeals from an order of the Supreme Court, Orange County (Isseks, J.), dated December 12, 1980, which granted the motion of the third-party defendant for summary judgment dismissing the third-party complaint. Order affirmed, without costs or disbursements. The papers submitted by the third-party defendant in support of the motion for summary judgment alleged that his deceased son had been instructed in the proper operation of a snowmobile, that the deceased son had been regularly riding the vehicle for some six years thereafter, and that he had become a proficient, careful and experienced snowmobile operator. At the time of the accident, the youth, an excellent student who was attending college full time, was 17 years old, had a valid New York State driver's license, and was without any physical or mental impairment. Moreover, the third-party defendant had legally separated from his wife and had moved out of the home prior to the incident in question. Thus, at the time of the accident, he did not have custody or control over either his son or the snowmobile. Indeed, he was entirely unaware of the events leading to the fatal accident. The papers of the defendant third-party plaintiff, submitted in opposition to the motion, do not controvert these facts and do not suggest any active negligence on the part of the third-party defendant. Under these circumstances, Special Term correctly determined that there were no issues of fact regarding the third-party defendant's alleged negligence, and properly awarded summary judgment dismissing the third-party complaint. (Cf. *Nolechek v Gesuale,* 46 NY2d 332.) Mollen, P. J., Hopkins, Titone, Weinstein and Bracken, JJ., concur.