■ CHRIS D. LARSEN et al., Respondents, v VIVIAN HEITMANN et al., Appellants.—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: The proof at trial was insufficient to support a cause of action against the parents of defendant Philip Heitmann for negligent entrustment of a dangerous instrument. Although a motor vehicle may be a dangerous instrument in the hands of a child who, because of immaturity (Acquaviva v Piazzolla, 100 AD2d 502, lv dismissed 62 NY2d 604), or a physical disability (Nolechek v Gesuale, 46 NY2d 332 [child partially blind]; Golembe v Blumberg, 262 App Div 759 [child subject to epileptic seizures]), lacks the ability to control the vehicle, there is an insufficient showing that Philip's automobile was a dangerous instrument when operated by him. Whether a particular object is a dangerous instrument depends not only upon the characteristics of the object but also upon "the age, intelligence, disposition and prior experience of the infant defendant" (Alessi v Alessi, 103 AD2d 1023, 1024). At the time Philip bought his automobile, it was in good working order and Philip was almost 17 years of age, had successfully completed a drivers' education course, and possessed a junior operator's license. The accident involved in this lawsuit occurred about two months after the purchase.

Plaintiff contends that during that two-month period Philip demonstrated propensities that made it likely that he would put his automobile to a dangerous use (see, Steinberg v Cauchois, 249 App Div 518, 519). Plaintiff bases this primarily upon two incidents in which Philip had caused damage to property by spinning the tires of his automobile. Both incidents occurred only days before the accident and only one incident was known to the parents. The evidence was insufficient to prove that the parents should have known that Philip was likely to use his automobile in a dangerous manner.

Moreover, parents have a duty to protect others from fore-

seeable harm that results from their children's improvident use of a dangerous instrument only "to the extent that such use is subject to parental control" *(Nolechek v Gesuale, supra,* at 340). Here, plaintiff failed to prove that Philip's use of the automobile was subject to his parents' control. The automobile belonged to Philip. He had lived away from home until about two weeks before the accident and at 17 years of age was free to leave whenever he chose.

Contrary to defendants' contention, the court's finding that plaintiff was free from contributory negligence is not against the weight of the evidence.

Accordingly, the judgment is modified by reversing the award as against the defendants Vivian and Alfred Heitmann and dismissing the complaint as to them. (Appeals from judgment of Supreme Court, Seneca County, Dugan, J.—negligence.) Present—Callahan, J. P., Doerr, Boomer, Balio and Lawton, JJ.