■ JOANN BORREGINE et al., Appellants, v DAVID KLANG et al., Defendants, and CAROL KLANG, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Rubenfeld, J.), entered October 1, 1987, which granted the defendant Carol Klang's motion for summary judgment dismissing the complaint insofar as it is asserted against her.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court that the respondent did not entrust her son with a dangerous instrumentality so as to be liable for the accident *(cf., Nolechek v Gesuale,* 46 NY2d 332). The papers submitted by her in support of the motion for summary judgment alleged that at the time of the accident, her son was 16 years of age and possessed a New York State junior driver's license. The papers also indicated that he purchased and maintained the car with his own funds and was the named insured under the policy of insurance. Fur-

ther, the respondent testified at an examination before trial that she took no part in the purchase of the vehicle and was unaware that it had not been inspected. The papers submitted by the plaintiffs in opposition to the motion do not controvert these facts and do not suggest any active negligence on her part.

Notwithstanding the rule that a parent may be responsible to a third person injured by his or her actions in permitting his or her child to use a dangerous instrument *(see, Nolechek v Gesuale, supra),* the present record contains no evidence raising a question of fact on that issue. Moreover, parents have a duty to protect others from foreseeable harm that results from their children's improvident use of a dangerous instrument only "to the extent that such use is subject to parental control" *(Nolechek v Gesuale, supra,* at 340; *Larsen v Heitmann,* 133 AD2d 533, *lv denied* 70 NY2d 616). Accordingly, summary judgment dismissing the complaint insofar as asserted against the respondent was properly granted *(see, Alfano v Marlboro Airport,* 85 AD2d 674; *Mulcahy v County of Monroe,* 78 AD2d 1012). Thompson, J. P., Lawrence, Rubin and Eiber, JJ., concur.