■ PHYLLIS ROSENFELD, Individually and as Administratrix of the Estate of RONALD ROSENFELD, Deceased, and as Parent and Natural Guardian of MARC ROSENFELD and Another, Infants, Appellant, v GINA M. TISI et al., Defendants, and MARY A. TISI, Respondent.—In an action to recover damages for wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated February 25, 1988, as granted the motion of the defendant Mary Tisi for summary judgment dismissing the complaint as against her.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted summary judgment dismissing the cause of action sounding in negligent entrustment of a motor vehicle with respect to the defendant Mary Tisi. It was established by documentary evidence that at the time of the accident underlying this action to recover damages for wrongful death, Mary Tisi neither owned the vehicle in question nor had control over her daughter, the defendant Gina Tisi, who was the driver of the vehicle *(see, Nolechek v Gesuale,* 46 NY2d 332). Records of the Department of Motor Vehicles established that the vehicle in question was registered to Gina Tisi approximately three weeks before the accident at a different address than that of Mary Tisi. Mary Tisi also relied upon the answer of Gina Tisi which admitted

ownership of the vehicle. Furthermore, it was undisputed that at the time of the accident, Gina Tisi was an 18-year-old licensed driver with no mental or physical impairments *(see, Larsen v Heitmann,* 133 AD2d 533; *Alfano v Marlboro Airport,* 85 AD2d 674).* Accordingly, this record reveals that as a matter of law the defendant Mary Tisi is not liable under a theory of negligent entrustment.

We find no merit to the plaintiff's contention regarding the dismissal of the first three causes of action asserted against Mary Tisi. Mollen, P. J., Spatt, Sullivan and Rosenblatt, JJ., concur.