■ DEBRA CAMILLONE et al., Respondents, v PETER S. POPHAM, an Infant, by His Father and Natural Guardian, CLINTON POPHAM, Defendant, and CLINTON POPHAM, Appellant.— In a negligence action to recover damages for personal injuries and property damage, the defendant Clinton Popham appeals from an order of the Supreme Court, Westchester County (Miller, J.), entered March 31, 1989, which denied his motion for partial summary judgment dismissing the plaintiffs' second and fourth causes of action alleging negligent entrustment of a dangerous instrumentality.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

On March 20, 1985, the defendant Peter Popham allegedly operated his motor vehicle in a negligent manner which caused the plaintiffs' vehicle to be involved in an accident in which the plaintiffs sustained injuries. The plaintiffs seek to recover damages for these personal injuries from the defendant, Peter Popham, as the operator and owner of the vehicle, and from Clinton Popham, as the father and legal guardian of 17-year-old Peter Popham under the theory of negligent entrustment of a dangerous instrumentality. The defendant Clinton Popham moved for partial summary judgment dismissing the second and fourth causes of action which allege negligent entrustment of a dangerous instrumentality. The

Supreme Court denied the motion. We reverse and find that Clinton Popham did not negligently entrust a dangerous instrumentality to his son *(see, Nolechek v Gesuale,* 46 NY2d 332).

The papers submitted in support of Clinton Popham's motion for partial summary judgment allege that his son Peter was 17 years of age at the time of the accident and possessed a New York State driver's license. Peter had purchased and maintained the car with his own funds and was the named registrant of the vehicle and the named insured under the policy of insurance. The papers further allege that Clinton Popham took no part in the purchase of the vehicle and that neither he nor his wife had a set of keys to their son's car. The papers submitted by the plaintiffs in opposition to this motion do not controvert any of these facts. Thus, the plaintiffs have failed to raise any triable issues of fact *(see, Zuckerman v City of New York,* 49 NY2d 557, 562) concerning Clinton Popham's alleged negligent entrustment of a dangerous instrumentality. Since the record clearly revealed that he did not have control over his son's use of the car, partial summary judgment should have been granted *(see, Rosenfeld v Tisi,* 151 AD2d 739; *Borregine v Klang,* 144 AD2d 415). Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.