██ JOSEPH FISCHER, Appellant, v THOMAS LUNT, Respondent.—Order and judgment unanimously affirmed without costs. Memorandum: On October 22, 1987, plaintiff sustained personal injuries while a passenger in a vehicle owned and operated by Thomas Edwards. Plaintiff alleges that Edwards' vehicle was forced off the road and into a bridge abutment by

a vehicle owned and operated by Bradley Lunt, the 20-year-old son of defendant Thomas Lunt. The vehicle was registered in Bradley Lunt's name, he was the named insured under an automobile insurance policy, he held a valid New York State operator's license and only he possessed the keys to the vehicle. Plaintiff asserts a cause of action against Thomas Lunt for negligent entrustment of a dangerous instrument to his son *(see, Nolechek v Gesuale,* 46 NY2d 332, 336). Supreme Court granted Thomas Lunt's motion for summary judgment dismissing the complaint and cross claims asserted against him. We affirm. Bradley Lunt, on the date of the accident, was no longer an infant; he had attained his majority *(see,* CPLR 105 [j]). Thomas Lunt cannot be liable to third parties under a theory of negligent entrustment of a dangerous instrumentality in the hands of his adult son *(see, Nolechek v Gesuale, supra,* at 338). Moreover, the record establishes that Bradley Lunt's use of the vehicle was not subject to his parent's control *(see, Camillone v Popham,* 157 AD2d 816; *Borregine v Klang,* 144 AD2d 415; *Larsen v Heitmann,* 133 AD2d 533, *lv denied* 70 NY2d 616). (Appeal from order and judgment of Supreme Court, Erie County, Fudeman, J.—summary judgment.) Present—Dillon, P. J., Boomer, Pine, Davis and Lowery, JJ.