■ WAYNE E. CORRIGAN et al., Appellants, v SARA M. DI-GUARDIA, Defendant, and SALVATORE DIGUARDIA, Respondent. —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated October 24, 1988, as granted those branches of the motion of the defendant Salvatore DiGuardia which were for summary judgment dismissing the first and "separate" causes of action as asserted against him, and (2) an order of the same court, dated April 19, 1989, which upon granting Salvatore DiGuardia's motion for reargument of those branches of his prior motion which were for summary judgment dismissing the "second separate" and "third separate" causes of action as asserted against him, dismissed those causes of action as asserted against him.

Ordered that the orders are affirmed insofar as appealed from, with costs.

On January 6, 1987, the defendant Sara DiGuardia, allegedly operating her motor vehicle in a negligent fashion, struck the plaintiff as he walked towards his automobile, which had been parked on Conklin Street near its intersection with Route 110 in the Town of Babylon. The plaintiffs thereafter commenced suit seeking to recover damages from 19-year-old Sara, as the operator of the vehicle, and from Salvatore DiGuardia, Sara's father, on the theory that Salvatore had "negligently entrusted" the automobile to his daughter. The plaintiffs also alleged that, although Sara was the named registrant of the automobile, Salvatore should be regarded as its actual owner, inasmuch as he purportedly exercised "dominion and control" over the vehicle and had purchased the automobile for her. The Supreme Court granted the motion for summary judgment with regard to the causes of action alleging that Salvatore was the actual owner of the automobile, but denied the motion with respect to the cause of action sounding in negligent entrustment as well as the derivate claim. Upon Salvatore's motion for reargument, the court granted summary judgment dismissing these remaining causes of action as against him. We affirm both orders.

The papers submitted to the Supreme Court established that Sara DiGuardia was 19 years of age at the time of the

accident *(see,* CPLR 105 [j]) and possessed a valid New York State driver's license. Moreover, the record further reveals that Sara purchased the car herself; that she was the named registrant of the car; that the car was separately insured in her name; and that she was not afflicted with mental or physical impairments at the time the accident occurred. The opposing papers submitted by the plaintiffs fail to raise any triable issues of fact with regard to the foregoing facts, requiring the dismissal of the claims premised upon the negligent entrustment theory *(see, Camillone v Popham,* 157 AD2d 816; *Rosenfeld v Tisi,* 151 AD2d 739; *Borregine v Klang,* 144 AD2d 415, *see also, Fischer v Lunt,* 162 AD2d 1016; *cf., Nolechek v Gesule,* 46 NY2d 332).

Further, the court properly concluded that the plaintiffs had failed to adduce evidence sufficient to rebut the presumption of ownership which arose by virtue of the vehicle's registration in Sara DiGuardia's name *(see,* Vehicle and Traffic Law § 2108 [c]; *cf., Matter of Vergari v Kraisky,* 120 AD2d 739, 740; *Matter of Jessup v D'Elia,* 116 AD2d 578, *affd* 69 NY2d 1030). We note in this respect that the person from whom the automobile was purchased testified at an examination before trial that she dealt with Sara DiGuardia when she sold the automobile, thereby undermining the plaintiffs' contention that the automobile was purchased by Mr. DiGuardia. In any event, even if Salvatore DiGuardia had purchased the automobile for his daughter, such fact would not establish that he exercised "dominion and control" over the vehicle or that he should be deemed its actual owner *(cf., Young v Seckler,* 74 AD2d 155). Although the plaintiffs argue, *inter alia,* that summary judgment should be deferred pending further discovery *(see,* CPLR 3212 [f]), such an assertion must be supported by something more than surmise *(see, Harris v Alcan Aluminum Corp.,* 91 AD2d 830, *affd* 58 NY2d 1036). The plaintiffs' speculative assertions and expressions of hope that further discovery may produce favorable evidence supportive of their contentions is insufficient under the circumstances to defer resolution of the questions pertaining to Salvatore DiGuardia's liability *(cf., Zuckerman v City of New York,* 49 NY2d 557, 562). Brown, J. P., Kooper, Harwood and Balletta, JJ., concur.