■ ALLEN B. WEINSTEIN, Individually and as Executor of DOROTHY C. WEINSTEIN, Deceased, Appellant, v MARY J. COHEN, as Executrix of LEON R. COHEN, Deceased, Respondent, et al., Defendant

On November 22, 1987, the defendant John Cohen was driving his father's car when he crossed the double yellow line and collided head-on with another vehicle driven by the plaintiff Allen Weinstein, and in which his wife Dorothy Weinstein was a passenger. As a result of the accident, Dorothy Weinstein sustained fatal personal injuries, and Allen Weinstein sustained severe personal injuries.

The complaint's fifth cause of action alleged negligent entrustment. Specifically, in paragraph 35 of the complaint, the plaintiff alleged "[t]hat the aforesaid entrustment of the vehicle by defendant's decedent, LEON R. COHEN and MARY JANE

COHEN to defendant JOHN COHEN was made, despite the fact that said defendant's decedent, LEON R. COHEN knew or should have known of the driving history of defendant JOHN COHEN including but not limited to traffic infractions and violations".

It is undisputed that, at the time of the accident, the defendant John Cohen was not an infant and possessed a valid New York State driver's license. Moreover, he testified at his examination before trial that, although he received several traffic summonses prior to the accident, his parents were not aware of them. Thus, in the absence of competent rebuttal by the plaintiffs, the Supreme Court properly granted summary judgment dismissing the fifth cause of action based on negligent entrustment (see, Corrigan v DiGuardia, 166 AD2d 408, 408-409; Mimoun v Bartlett, 162 AD2d 506; Camillone v Popham, 157 AD2d 816). Although the plaintiffs' attorney argues that summary judgment should be denied pending further discovery, namely, the deposition of the defendant John Cohen's prior counsel, in order to impeach John Cohen's credibility, such an assertion must be supported by something more than surmise. The plaintiffs' "speculative assertions and expressions of hope that further discovery may produce favorable evidence supportive of their contentions is insufficient * * * to defer resolution of the questions pertaining to [the negligent entrustment cause of action]" (Corrigan v DiGuardia, supra, at 409, citing Zuckerman v City of New York, 49 NY2d 557, 562).

That the defendant John Cohen's parents may have been aware of the two traffic accidents in which he was involved prior to this accident does not support a finding of negligent entrustment. The first accident occurred when another vehicle made a left turn into his father's car, which he was driving, and the other car's insurance carrier fully compensated him for the damage. The second occurred when he was driving his father's car and skidded on a wet road into another car. Thus, even if his parents were aware of these accidents, they do not demonstrate that the defendant John Cohen had a propensity to drive recklessly (see, Mimoun v Bartlett, supra, at 506-507).

We have considered the plaintiffs' remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Lawrence and Rosenblatt, JJ., concur.