**Paul De BLANC as Guardian of The ESTATES OF Kristina N. De BLANC and Ryan P. De Blanc, Appellant,**

v.

**Owen F. JENSEN, III and Caroline Jensen, Appellees.**

No. 01–00–00782–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 18, 2001.

Robert F. Stein, Robert F. Stein & Associates, Inc., Houston, for Appellant.

James F. Tyson, Houston, for Appellees.

Panel consists of Justices MIRABAL, NUCHIA, and PRICE.*

FRANK C. PRICE, Justice.

## OPINION

Appellant Paul De Blanc, as guardian of the estates of his minor children, Kristina N. De Blanc and Ryan P. De Blanc, appeals a summary judgment rendered against him pursuant to Texas Rule of Civil Procedure 166a(i). De Blanc alleged that appellees, Owen F. Jensen, III and Caroline Jensen, were liable for negligently entrusting an automobile to their adult son, Kevin Shay Heuermann. In six points of error, De Blanc asserts the trial court erred when it determined that the Jensens were not liable as a matter of law because there was no evidence they owned the vehicle.

We affirm the trial court's judgment.

## Background

On July 2, 1995, Laurie Ann De Blanc was killed when Heuermann's 1979 Ford pickup truck struck the vehicle in which she was riding. Her two children, Kristina and Ryan, survived her.

Heuermann admitted to speeding and reckless driving. Tests done after the accident showed he was legally intoxicated; his blood alcohol level was 0.17 and his breath alcohol level was 0.13. *See* TEX. PEN.CODE ANN. § 49.01 (Vernon 1994). Heuermann was convicted of intoxication manslaughter as a result of his conduct. Because he had two prior DWI convictions (one from May 1994 and one from June 1994) and a prior conviction for possession of cocaine, Heuermann was assessed punishment of life in prison as a habitual offender.

In June 1999, appellant filed suit against Heuermann, alleging Heuermann's negligence caused Laurie De Blanc's death. In February 2000, appellant added the Jensens as defendants under the theory that the Jensens negligently entrusted to Heuermann the pickup truck he was driving at the time of the accident. Caroline Jensen is Heuermann's mother; Owen Jensen is his stepfather.

The Jensens filed a motion for summary judgment under Texas Rule of Civil Procedure 166a(i) in which they argued there was no evidence they owned the 1979 Ford pickup truck Heuermann was driving at the time of the accident. The certificate of title, attached to the motion, established that Heuermann had owned the vehicle since December 1, 1993. Owen Jensen was listed as the first lienholder.

In response, appellant argued the Jensens were liable under the theory of negligent entrustment because they had exercised control over the vehicle. Appellant submitted summary judgment evidence in support of his theory: the police accident report, Heuermann's driving record, and the deposition transcript of Caroline Jensen. The police accident report listed Heuermann as the pickup truck's owner.

At her deposition, Caroline Jensen testified her husband had conveyed the pickup

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

truck to Heuermann on December 1, 1993. Heuermann was 25 years old at the time. Mr. Jensen retained a first lien on the vehicle. In July 1994, Heuermann was incarcerated at the Esmor rehabilitation facility. While he was incarcerated, the Jensens had the vehicle moved to Mrs. Jensen's parents' home in Conroe. Heuermann remained at Esmor until February 1995. When he was released, Heuermann did not live with the Jensens.[1] Nonetheless, Mrs. Jensen testified that she and her husband attempted to keep him from driving the truck. They told him he could not have the truck until he had obtained insurance and had a valid drivers' license.[2] However, Mrs. Jensen also testified Heuermann's grandparents would have returned the truck to him without the Jensens' permission.

The truck, along with its keys, remained at Heuermann's grandparents' home until June 1995. On June 6, 1995, Progressive Insurance issued Heuermann an automobile liability insurance policy. On June 19, 1995, the Texas Department of Public Safety issued him a drivers' license. Heuermann subsequently towed the truck, which was not running at the time, to his residence. He repaired the truck, then began to drive it. On July 2, 1995, Heuermann's 27th birthday, the collision that resulted in Ms. De Blanc's death occurred.

On May 18, 2000, the trial court granted summary judgment in favor of all defendants, including Heuermann. The trial court amended the order on June 14, 2000, to apply only to the Jensens. On June 19, 2000, the trial court severed appellant's claims against the Jensens, making the summary judgment in their favor final. Appellant filed a timely notice of appeal.

### Standard of Review

■ Under rule 166a(i), a party is entitled to summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX.R. CIV. P. 166a(i). Thus, a no-evidence summary judgment is similar to a directed verdict. *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex.App.—Houston [1st Dist.] 1999, no pet.). The motion for summary judgment may not be general, but must state the elements on which there is no evidence. TEX.R. CIV. P. 166a(i).[3]

■ The trial court must grant the motion unless the nonmovant produces more than a scintilla of evidence raising a genuine issue of material fact on each of the challenged elements. *See id.*; *Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 317 (Tex.App.—Houston [1st Dist.] 1999, no pet.). In reviewing a summary judgment, we must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Flameout*, 994 S.W.2d at 834.

### Analysis

■ To establish negligent entrustment of an automobile, a plaintiff must prove the following elements: (1) the owner entrusted the automobile (2) to a person who was an incompetent or reckless driver, (3) who

---

1. Heuermann had not lived with the Jensens since he was 19 years old.

2. Heuermann's drivers' license had been suspended in connection with his 1994 DWI convictions.

3. As we noted above, the Jensens argued in their motion for summary judgment that there was no evidence that they owned the vehicle in question. Therefore, they contended they could not be held liable for entrusting it to their son.

the owner knew or should have known was incompetent or reckless, (4) the driver was negligent, and (5) and the driver's negligence proximately caused the accident and the plaintiff's injuries. *Schneider v. Esperanza Transmission Co.,* 744 S.W.2d 595, 596 (Tex.1987); *Soodeen v. Rychel,* 802 S.W.2d 361, 362 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

With respect to the "ownership" requirement, however, several courts have concluded that a non-owner of a vehicle may be held liable for negligent entrustment of a vehicle if the non-owner has the right to control the vehicle. *See Garcia v. Cross,* 27 S.W.3d 152, 155 (Tex.App.—San Antonio 2000, pet. denied) (child of owner); *Rodriguez v. Sciano,* 18 S.W.3d 725, 728 (Tex.App.—San Antonio 2000, no pet.) (renters of vehicle); *Loom Craft Carpet Mills, Inc. v. Gorrell,* 823 S.W.2d 431, 432 (Tex.App.—Texarkana 1992, no writ) (successor corporation).

■ Appellant argues that a certificate of title is merely an "administrative presumption" of ownership that vanishes when positive evidence of other ownership is introduced. *See Pioneer Mut. Compensation Co. v. Diaz,* 142 Tex. 184, 177 S.W.2d 202, 204 (1944); *Villa v. Alvarado State Bank,* 611 S.W.2d 483, 485 (Tex.Civ. App.—Waco 1981, no writ). Therefore, according to appellant, evidence that the Jensens exercised control over the truck when Heuermann was incarcerated and, once he was released, attempted to prevent him from driving the truck until he had insurance and a drivers' license, is a sufficient exercise of control over the vehicle to satisfy the ownership requirement.

We disagree. In each of the cases appellant cites, the entrustor with the right of control possessed a superior right to the vehicle over the person to whom it was entrusted. None involved a situation where, as here, the purported entrustor allowed the owner to drive it. Regardless of whether his parents exercised control over the truck when Heuermann was incarcerated, they did not have the *right* to control it. Heuermann was an adult. He held title to the truck, and had for several years at the time of the accident. Appellant did not present any evidence that Heuermann had defaulted on the note or that the Jensens, as first lienholder, had repossessed the truck because of nonpayment. The fact that his parents attempted to prevent his use of the truck upon his release until he had obtained insurance and a drivers' license does not change this fact. Further, even if the Jensens exercised control over the truck before Heuermann took possession of it, they certainly did not once he had the truck towed to his own residence. In order for the Jensens to be liable under a theory of negligent entrustment, we would have to conclude that it is negligent for a nonowner to return control of a vehicle to its owner. We decline to so hold.

Although there are no Texas cases that deal with whether someone with control over a vehicle may negligently entrust it to the actual owner, our conclusion here is consistent with similar cases from other jurisdictions. *See Fletcher v. Anderson,* 27 Kan.App.2d 276, 3 P.3d 558, 567–68 (2000) (because "no action for negligent entrustment can occur where the person entrusting the vehicle lacked a superior or exclusive right of control over the vehicle," a nonowner is not liable for returning car to owner); *McGlothlin v. Municipality of Anchorage,* 991 P.2d 1273, 1280 (Alaska 1999) ("doctrine of negligent entrustment requires that the defendant have a greater right of possession or control of the chattel than the person to whom he entrusts it"). Further, among the states that have decided cases involving whether a parent's sale or gift of an automobile to an adult child

may expose the parent to liability for negligent entrustment, nearly all have reached the same conclusion we do today on the ground the parent did not own the car at the time of the accident. *Mills v. Crone,* 63 Ark.App. 45, 973 S.W.2d 828, 831–32 (1998); *Broadwater v. Dorsey,* 344 Md. 548, 688 A.2d 436, 442–43 (1997); *Peterson v. Halsted,* 829 P.2d 373, 379 (Colo.1992); *Estes v. Gibson,* 257 S.W.2d 604, 607–08 (Ky.App.1953); *Zedella v. Gibson,* 165 Ill.2d 181, 209 Ill.Dec. 27, 650 N.E.2d 1000, 1004 (1995); *Tosh v. Scott,* 129 Ill.App.3d 322, 84 Ill.Dec. 631, 472 N.E.2d 591, 592 (1984); *Fischer v. Lunt,* 162 A.D.2d 1016, 557 N.Y.S.2d 220, 221 (1990); *Rosenfeld v. Tisi,* 151 A.D.2d 739, 542 N.Y.S.2d 762, 763 (1989); *Brown v. Harkleroad,* 39 Tenn. App. 657, 287 S.W.2d 92, 96 (1955).

Because appellant did not submit evidence that the Jensens actually owned or had a right to control the vehicle Heuermann was driving at the time of the accident, we hold the trial court did not err when it rendered summary judgment in favor of the Jensens. We overrule all points of error.

### Conclusion

We affirm the judgment.