# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00158-CV

**Jennifer Fox-Taylor and Abdolnaser Daghighi, Appellants**

**v.**

**Auto Market, Inc., Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
## NO. D-1-GN-07-004208, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Jennifer Fox-Taylor and Abdolnaser Daghighi sued appellee Auto Market, Inc., under the theory of negligent entrustment for alleged injuries they sustained in an automobile accident.  Appellants appeal the trial court's grant of summary judgment in favor of Auto Market. Auto Market sought summary judgment on the basis that it was not the owner and did not have the right to control the vehicle in question (the "Vehicle") at the time of the accident.  In one point of error, appellants contend that fact issues as to the Vehicle's ownership precluded summary judgment. Because we conclude the trial court did not err in granting summary judgment, we affirm the trial court's judgment.

## BACKGROUND

Appellants were involved in the automobile accident on or about February 19, 2005. They sued Francisco Gonzalez Hernandez, the operator of the Vehicle who allegedly caused the

accident; Jorge Rivera, individually, and d/b/a Auto Market; Auto Market, Inc.; and Farmers Texas County Mutual Insurance Company for injuries allegedly sustained in the accident. Their theory against Auto Market was negligent entrustment of the Vehicle to Hernandez.

Auto Market sought summary judgment contending that it was entitled to judgment as a matter of law because the evidence established that it was not the owner of the Vehicle and did not have the right to control the Vehicle at the time of the accident—it had sold the Vehicle a few days before the accident occurred. Auto Market's summary judgment evidence included deposition testimony and an affidavit with attachments from Jack Ballew, the owner of Auto Market. Appellants did not file controverting evidence; they contended that Auto Market's evidence raised fact issues as to the Vehicle's ownership at the time of the accident that precluded summary judgment. The trial court granted Auto Market's motion and severed appellants' cause of action against Auto Market from the underlying cause, assigning it a new cause number. This appeal followed.

## ANALYSIS

To establish Auto Market's liability under the theory of negligent entrustment, appellants had to show that Auto Market owned the Vehicle, that it entrusted the Vehicle to an unlicensed, incompetent, or reckless driver that Auto Market knew or should have known to be unlicensed, that the driver was negligent on the occasion in question, and that the driver's negligence proximately caused the accident. *See Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595,

596 (Tex. 1987); *Williams v. Steves Indus., Inc.*, 699 S.W.2d 570, 571 (Tex. 1985).[1]  The only element at issue is whether Auto Market was the Vehicle's owner at the time of the accident.  In their sole point of error, appellants contend that fact issues as to the Vehicle's ownership at the time of the accident precluded summary judgment.

We review the trial court's decision to grant summary judgment *de novo*.  *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  To prevail on a summary judgment motion, the movant must demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997).[2]  In deciding whether there is a disputed material fact issue precluding summary judgment, we must take evidence favorable to the nonmovant as true, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in the nonmovant's favor.  *Dorsett*, 164 S.W.3d at 661; *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).  A defendant may establish its entitlement to summary judgment by disproving at least one element of each of the plaintiff's claims.  *American Tobacco Co.*, 951 S.W.2d at 425.  If the movant shows that it is entitled to judgment as a matter of law, the burden shifts to the nonmovant

---

[1]  A "non-owner" may be liable for negligent entrustment when the non-owner has the right to control the vehicle.  *See De Blanc v. Jensen*, 59 S.W.3d 373, 376 (Tex. App.—Houston [1st Dist.] 2001, no pet.).  Appellants do not assert that Auto Market is liable as a "non-owner."

[2]  In its briefing to this Court, Auto Market asserts that "properly understood" its summary judgment motion was both a 166a(c) and a 166a(i) motion.  *See* Tex. R. Civ. P. 166a(c), (i).  Auto Market did not state that it was filing its motion pursuant to 166a(i) and attached evidence to the motion.  In any event, because we conclude Auto Market carried its burden and presented evidence disproving the element of ownership and showing it was entitled to judgment as a matter of law, we address its motion under the 166a(c) standard and do not reach the question of review under the 166a(i) standard.

to present evidence to raise a material fact issue that precludes summary judgment. *See City of Houston v. Clear Creek Basin Auth*., 589 S.W.2d 671, 678 (Tex. 1979).

Auto Market's summary judgment evidence included Ballew's deposition testimony and his affidavit with attachments. Ballew averred that Auto Market has been in the business of buying and selling vehicles from approximately 1989 to present and was incorporated around July 2006; that Auto Market sold the Vehicle to Jorge Rivera on or about March 28, 2004; that Auto Market subsequently obtained ownership of the Vehicle; and that Auto Market re-sold it on or about February 14, 2005, to Cecilio Juarez Flores. Ballew also averred that Auto Market did not own the Vehicle on February 19, 2005, the date of the accident. The attachments to the affidavit included a certified copy of the title history on the Vehicle; the contract of sale signed by a representative of Auto Market and by Flores dated February 14, 2005, reflecting the purchase price of $785.50 including sales tax, fees, and a cash down payment of $150 against the purchase price; and a copy of the receipt dated February 14, 2005, to "Cecilio Juarez" for payment of $150 in cash. Based on Auto Market's evidence, we conclude Auto Market met its burden to disprove the element of ownership—that it did not own the Vehicle at the time of the accident. *See American Tobacco Co.*, 951 S.W.2d at 425.

The issue then is whether appellants raised a fact issue as to the Vehicle's ownership to preclude summary judgment. *See City of Houston*, 589 S.W.2d at 678. Appellants rely on Auto Market's evidence that Auto Market sold the Vehicle and transferred title to Rivera in March 2004, that Auto Market re-acquired the Vehicle from Rivera, that Flores is not listed in the Vehicle's chain of title, that the receipt for the cash payment from the alleged sale to Flores was

4

made out to "Cecilio Juarez" and not to "Cecilio Flores," and that Auto Market again sold the Vehicle in November 2005. Appellants also contend that Auto Market failed to comply with the Certificate of Title Act, voiding the purported sale to Flores, that the purported contract of sale referenced a "window form"[3] that was not part of the evidence raising additional fact issues regarding the agreement between Flores and Auto Market, and that there was no evidence that Auto Market delivered the Vehicle to Flores or that Flores took possession of the Vehicle.

Appellants' contention that fact issues preclude summary judgment based on Auto Market's prior and subsequent sales of the Vehicle is not persuasive. The material fact issue is the ownership of the Vehicle on the date of the accident, not ownership at other times. As to the prior sale to Rivera, it was undisputed that Auto Market re-acquired the Vehicle from Rivera and that it owned the Vehicle on February 14, 2005. The dispute was whether Auto Market sold it on that day to Flores. Similarly, there was no dispute that Auto Market re-acquired the Vehicle after the accident and re-sold it again. Ballew testified in his deposition that Flores did not make any further payments on the contract after the down payment and that Auto Market re-acquired the Vehicle after the accident:

Q.    When this vehicle came back to your location, did you tell me that you don't know whether or not Mr. Flores brought it in or whether or not you actually had to repossess it?

---

[3] The contract of sale between Auto Market and Flores referenced the window form as follows:

The information you see in [sic] on the window form for this vehicle is part of the contract. Information on the window form overrides any contrary provisions in the contract of sale.

5

A. I don't think it was a repossession. We probably got a phone call that said it's here, go get it. That's probably the way it worked. That's my best guess.

Auto Market's prior and subsequent sales of the Vehicle do not raise fact issues precluding summary judgment.

Likewise, the cash receipt, the window form referenced in the contract of sale, and the Vehicle's possession and delivery to Flores do not raise fact issues precluding summary judgment. The cash receipt to "Cecilio Juarez" is consistent with the contract of sale between Auto Market and "Cecilio Juarez Flores." The window form referenced in the contract of sale may raise fact issues as to the particular terms of the sale, but the material fact issue was whether Auto Market sold the vehicle to Flores a few days before the accident, not the sale's particular terms. Ballew testified that Auto Market sold the Vehicle to Flores and, after the sale, that "[w]e had no arrangement with him at all. We sold him the car. His car." This testimony was not disputed. As to possession and delivery, in addition to Ballew's testimony that Flores bought the Vehicle from Auto Market, Ballew testified that Flores possessed the Vehicle when it was in the accident:

> Mr. Juarez [Flores] came in with money. We took his money, he signed an agreement to pay for the car. He crashed the car—I guess it was four days later, his friend did.

Appellants did not offer controverting evidence or object to this testimony.

The Vehicle's title history similarly does not create a fact issue precluding summary judgment. Appellants rely on "the general rule that ownership of a vehicle rests in the person(s) named in the certificate of title," contending the "presumption of ownership" raises a fact issue

6

precluding summary judgment because Flores does not appear in the chain of title. *See One Ford Mustang v. State of Texas*, 231 S.W.3d 445, 451 (Tex. App.—Waco 2007, no pet.). Evidence that a party is the registered owner of a vehicle raises a presumption of ownership, but the presumption "is not 'evidence'" and "'vanishes when positive evidence to the contrary is introduced.'" *Id*. (quoting *Vibbert v. PAR, Inc.*, 224 S.W.3d 317, 321 (Tex. App.—El Paso 2006, no pet.)). In this case, any presumption of ownership based on the Vehicle's title holder at the time of the accident "vanish[ed]" because Auto Market produced "positive evidence to the contrary"—Ballew's deposition testimony and affidavit with attachments showing the sale to Flores. *See id.*

Appellants contend sections 501.071(a) and 501.073 of the Certificate of Title Act (the "Act") voided the purported sale to Flores because Auto Market did not transfer title to Flores. *See* Tex. Transp. Code Ann. §§ 501.071(a), .073 (West 2007). Section 501.071(a) provides:

> (a) Except as provided in Section 503.039, a motor vehicle may not be the subject of a subsequent sale unless the owner designated in the certificate of title transfers the certificate of title at the time of the sale.

*See id*. § 501.071(a). Pursuant to section 501.073, "[a] sale made in violation of this chapter is void and title may not pass until the requirements of this chapter are satisfied." *See id*. § 501.073. Failure to comply with the Act, however, does not render a transfer void as between the parties when the purposes of the Act are not defeated. *See Hudson Buick v. Gooch*, 7 S.W.3d 191, 197-98 (Tex. App.—Tyler 1999, pet. denied).

In *Hudson Buick*, the seller of a vehicle appealed a personal injury judgment for injuries sustained when a vehicle it sold was involved in an automobile accident later on the same

7

day the vehicle was sold. *Id*. at 193. The trial court submitted the issue of ownership to the jury, and the jury found that the seller was the owner at the time of the accident. *Id*. at 195-96. Our sister court reversed, holding that it was error to submit the ownership issue to the jury because it was a question of law and that the error was harmful. *Id*. at 195-99. The court determined that the transfer of ownership did not require title transfer pursuant to sections 501.071(a) and 501.073 of the Act. *Id*. at 197-98. In holding that the Act did not void the transaction and that the seller was not the owner at the time of the accident, the court looked to the intent of the Act:

> The legislative intent behind enactment of the Certificate of Title Act was to "lessen and prevent theft of motor vehicles, traffic in stolen vehicles, and sale of encumbered vehicles without disclosure of existing liens." . . . Its purpose was not to prevent sales and transfers of interests in motor vehicles . . . . "The Certificate of Title Act was never intended to enlarge the tort liability of a seller, and we are convinced the common law imposes no such liability upon the naked title owner of vehicles." . . . Even in the face of noncompliance, the sale of a vehicle without the transfer of a title certificate is valid "as between the parties, when the purposes of [the] Certificate of Title Act are not defeated."

*Id.* (internal citations omitted). Similarly, theft or traffic in stolen vehicles was not the issue in this case; the issue was the validity of the sale between the parties to the transaction—Flores and Auto Market. *See id.* We conclude that any failure by Auto Market to transfer title to Flores at the time of the sale or to comply with the Act does not create a fact issue precluding summary judgment on the element of ownership in the context of appellants' negligent entrustment claim. We overrule appellants' point of error.

**CONCLUSION**

Because we conclude that the trial court did not err in granting summary judgment, we affirm the trial court's judgment.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed:   August 15, 2008

9