The Honorable Davy Carter State Representative Post Office Box 628 Cabot, Arkansas 72023-0628
Dear Representative Carter:
You have asked for my opinion on a proposal before the Lonoke County Quorum Court to change the use of an existing county-wide sales tax. You identify several facts as background for your question:
 • that the proceeds from this tax are currently allocated 45% to the county and 55% to the municipalities within that county;[1] and
 • that the county is currently applying its share as follows: 75% for road and bridge, 23% solid waste, and 2% for library.
You then ask two questions. First, you ask whether, in the abstract, it is permissible to change the use of the tax proceeds by submitting the matter to the voters. Second, you ask about the legality of a specific proposal. Your questions are as follows:
 1. Based on A.C.A. § 26-74-208 and other applicable codes, is it lawful for the county to refer to the citizens for a vote changing *Page 2 
the current use of the countywide sales tax without changing the percentage allocated to the county and municipalities?
 2. Is the following proposal legal based on the current code: 55% for the municipalities with 10% of this amount used to operate and maintain the jail and 45% to the county with 10% of this amount dedicated to the operations and maintenance of the jail with the remaining funds [i.e., 35% of the total amount allocated to the county] being divided as they currently are.[2]
You have not attached to your request the county's levying ordinance or the ballot title that the voters used to approve the original tax. Accordingly, I have had to assume the following:
 • that the original ballot title restricted the use of the proceeds from the county-levied tax to specified purposes;[3]
 • that the original ballot title did not purport to restrict the municipalities' use of the proceeds from the sales tax; and
 • that you are not asking about a sales tax that funds a bond issue.
RESPONSE
The answer to question one is "yes." As per my assumption, the uses of the proceeds from the county sales tax are restricted to certain purposes. Accordingly, those proceeds can only be used for the stated purposes.[4] The county's voters must approve any change in the way those proceeds are used.[5] But even if the county's *Page 3 
voters approve such a change in the use of the proceeds, Arkansas law prohibits any change in the allocation of those proceeds.[6] Therefore, the answer to your first question is clearly "yes."
Your second question contains two discrete questions. First, you seem to ask whether the new ballot title or levying ordinance can restrict the county's use of the tax proceeds to the categories and percentages you describe. Given my assumptions above, the answer is "yes," as long as, pursuant to A.C.A. § 26-74-208, the voters approve the new purposes.
Your second sub-question seems to be whether the ballot title or county levying ordinance can limit the way the municipalities use their share of the tax proceeds. In my opinion, given my above assumptions, the answer is "no." This is evident from the fact that subsection 26-74-208(c)(1)(B), which is the authority for the re-designation, refers only to changing the county's uses of the proceeds: "The county's share of the proceeds may be used for other designated purposes if the electors approve a change. . . ." The italicized phrase, which the General Assembly added in 2005, [7] makes clear — by negative implication — that the re-designation cannot limit the way the municipalities use their shares.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
 DUSTIN McDANIEL Attorney General
DM/RO:cyh
[1] Actually, you provide two different sets of percentages, neither of which is possible. First you say the allocation is "45.5% for the county and 55.5% for the municipalities." Next you say the newly proposed allocation is "45.5% to the county" and "55% to the municipalities." The sums of these sets equal more than the whole (the former is 101%; the latter is 100.5%). I will assume, for purposes of this opinion, that the counties and municipalities have used an interlocal agreement — as provided by A.C.A. § 26-74-214(b) — to change from the default allocation to one that is 45% to the county and 55% to the municipalities. See id.
[2] I interpret the phrase "with the remaining fund being divided as they currently are" to mean that, of the county's 45%, 10% will go to the jail, and the remaining 35% will be further divided into three parts (75% for roads and bridges, 23% for solid waste, and 2% for the library).
[3] A specific purpose stated either in the ballot title or the levying ordinance is sufficient to restrict the use of the tax proceeds. E.g., Maddox v. City of Fort Smith,346 Ark 209, 59 S.W.3d 375 (2001).
[4] A.C.A. § 26-74-208(c)(1)(A) (Supp. 2009).
[5] A.C.A. § 26-74-208(c)(1)(B) ("The county's share of the proceeds may be used for other designated purposes [than those listed in the original ballot title] if the electors approve a change . . . by a vote. . . .").
[6] A.C.A. § 26-74-208(c)(2)(A) ("The quorum court. . .may refer to the vote of the people a change in the indicated use of the revenues derived from a sales and use tax levied by the county. . .but a change shall not alter the allocation of tax collections. . . .").
[7] Act 1160 of 2005.