**Opinion issued February 25, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00161-CV

———————————

**CAMILLO MARTINEZ O/B/O DECEASED,**
**YOLANDA MARTINEZ, Appellant**

**V.**

**NABEEL "BILL" ARAFAT D/B/A**
**TEXAS CAR STEREO, Appellee**

On Appeal from the 270th District Court
Harris County, Texas
Trial Court Case No. 2011-44754-A

## MEMORANDUM OPINION

This appeal arises out of an accident in which Miguel Zapeta-Rodriguez, who was not licensed to drive, suffered a seizure and lost control of the vehicle he was driving, causing him to collide with a vehicle driven by Yolanda Martinez.

Martinez suffered fatal injuries in the collision. Her widower, Camillo Martinez, brought this wrongful death suit against Rodriguez's employer, Nabeel "Bill" Arafat d/b/a Texas Car Stereo, alleging that Texas Car Stereo was vicariously liable for Rodriguez's negligent acts under a respondeat superior theory and that it acted with negligence and gross negligence in entrusting to Rodriguez the car he was using when the accident occurred.

Texas Car Stereo moved for summary judgment on traditional and no-evidence grounds. Martinez appeals the trial court's order granting Texas Car Stereo's motion, contending that the evidence raises genuine issues of material fact concerning whether (1) Texas Car Stereo had the right to control the vehicle Rodriguez was driving; (2) Texas Car Stereo entrusted the vehicle to Rodriguez; (3) the accident occurred while Rodriguez was acting in the course and scope of his employment; and (4) Texas Car Stereo acted with gross negligence. We affirm.

## Background

*Texas Car Stereo's business operations and procedures*

In July 2011, Rodriguez was working as a general laborer for Texas Car Stereo. His job involved installing tires, painting tires, emptying the trash, and generally helping out in the installation and repair area.

Edson Carrizales, Texas Car Stereo's manager of installation, and Alex Buentello, the sales manager, testified regarding the procedure for obtaining

2

service from Texas Car Stereo.  They explained that a customer who wants service on his car must first have contact with a salesperson.  The salesperson reaches an agreement with the customer about the work to be done on the customer's vehicle, then prepares a bill of sale.  The customer fills in the information on the bill of sale, signs the agreement, and pays the invoiced amount.  At that point, the sales transaction is complete; the salesperson hands the keys to Carrizales, and Carrizales drives the car to the back for service.  When the work is complete, Carrizales drives the vehicle to the front and returns the keys to the salesperson.

No bill of sale existed for the vehicle involved in the accident.  Carrizales explained that without a bill of sale, a vehicle will not receive service at Texas Car Stereo.  Further, a customer would not be allowed to leave a vehicle at Texas Car Stereo without having completed and signed a bill of sale.

Carrizales explained that he is generally the only employee authorized to drive a customer's car to the front and back of the store.  The only exception would be that Buentello could drive the customer's vehicle to the back if the customer needed more information about how to operate the equipment that had been installed.  As Texas Car Stereo's owner, Aarafat also had the authority to move a customer's vehicle on company property.  Rodriguez, however, did not have permission or authority to drive any vehicle on behalf of Texas Car Stereo, whether company- or customer-owned.

3

Buentello averred that it is against company policy to drive a customer's vehicle home from work. Carrizales testified that employees are prohibited from driving a customer's vehicle off company property, that he had never done so or authorized any other employee to do so, and that it had never happened. Both Carrizales and Buentello testified that an employee who kept a customer's vehicle at his home overnight would be fired.

According to both Buentello and Carrizales, Rodriguez always took the bus to and from work. Neither had ever seen him drive. Carrizales never discussed with Rodriguez whether he had a car. Rodriguez confirmed that he did not own a car, used public transportation to commute, and had never brought any car to Texas Car Stereo before the accident.

*The accident*

Rodriguez testified that, as a personal favor for his friend, Mrs. Grifaldo, he arranged to have one of his co-workers look at her car and determine whether Texas Car Stereo could help repair the alarm. According to Rodriguez, Grifaldo drove a rented car to pick up Rodriguez at the end of his workday. Grifaldo then drove Rodriguez to her home, and Rodriguez drove Grifaldo's car to his apartment. Rodriguez's roommate at the time, Alejandro Gomez, testified in his deposition that Rodriguez told him Grifaldo had left her vehicle at Texas Car Stereo that day and that Rodriguez drove it home from work. No evidence, however, suggests that

4

either Arafat, Buentello, or Carrizales saw Rodriguez in Grifaldo's car or driving it. Further, Rodriguez did not tell anyone at Texas Car Stereo that he was going to bring Grifaldo's car in for repair.

The next morning, Rodriguez left early for work so that he could first stop by a junkyard to buy a part for an unidentified friend. Almost immediately after Rodriguez left the parking area of his apartment complex and drove Grifaldo's car onto the road, he had a seizure and collided with Yolanda Martinez's vehicle.

## Discussion

### I. Summary Judgment Standard of Review

We review a summary judgment de novo. *Boerjan v. Rodriguez*, 436 S.W.3d 307, 312 (Tex. 2014) (quoting *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009)). In a traditional motion for summary judgment, a defendant who states specific grounds and conclusively negates at least one essential element of an identified cause of action is entitled to summary judgment. *Id.; see* TEX. R. CIV. P. 166a(c). A no-evidence motion for summary judgment is essentially a motion for a pretrial directed verdict: the party without the burden of proof contends that no evidence supports one or more essential elements of the nonmovant's claim. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003); *see* TEX. R. CIV. P. 166a(i). The trial court must grant the motion unless the nonmovant raises a genuine issue of material fact on each challenged element.

5

*Boerjan*, 436 S.W.3d at 310 (citing *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam)).

We review the summary-judgment evidence in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Id.* at 311 (quoting *Timpte Indus.*, 286 S.W.3d at 310).

## II.  Negligent Entrustment

### A.  Applicable law

To establish liability under a negligent entrustment theory for injuries arising from a vehicle collision, the plaintiff must show that: (1) the defendant entrusted the vehicle to the driver; (2) that person was an unlicensed, incompetent, or reckless driver; (3) at the time of the entrustment, the defendant knew or should have known that the driver was an unlicensed, incompetent, or reckless driver; (4) the driver was negligent on the occasion in question; and (5) the driver's negligence proximately caused the accident. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007) (citing *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987)); *Magee v. G&H Towing Co.*, 388 S.W.3d 711, 717 (Tex. App.—Houston [1st Dist.] 2012, no pet.).  To sustain such a claim based on a failure to screen an employee, a plaintiff must show that

anything found in a background check "would cause a reasonable employer to not hire" the employee, or would be sufficient to put the employer "on notice that hiring [the employee] would create a risk of harm to the public." *See Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 796–97 (Tex. 2006). The plaintiff must also prove that the risk that caused the entrustment or hiring to be negligent caused the accident at issue. *Schneider*, 744 S.W.2d at 597.

The element of entrustment requires the plaintiff to show that the defendant either owned or had the right to control the vehicle when the injury occurred. *De Blanc v. Jensen*, 59 S.W.3d 373, 376 (Tex. App.—Houston [1st Dist.] 2001, no pet.). A right to control exists if the entrustor possesses a superior right to the vehicle over the person to whom it was entrusted. *Id.*

### B.    Analysis

Martinez contends that the evidence raises fact issues concerning whether Texas Car Stereo had a right to control Grifaldo's car and whether Texas Car Stereo entrusted the vehicle to Rodriguez. The evidence shows that Texas Car Stereo generally authorized Arafat, Buentello, and Carrizales to drive customer vehicles, and then only on company premises to move them to and from the installment and repair area; it prohibited all of its employees from using customer vehicles away from company premises. The undisputed evidence demonstrates that Rodriguez took possession of Grifaldo's car without Arafat, Buentello, or

7

Carrizales's knowledge and that Texas Car Stereo had not taken Grifaldo's car into its possession because no bill of sale had been prepared for any work to Grifaldo's car. Further, no evidence shows that Rodriguez's possession of Grifaldo's car came about as a company-sanctioned exception to these rules. Although Rodriguez testified that he "was going to work to give one more job to the company," no evidence showed that Rodriguez had ever driven a car to Texas Car Stereo for the purpose of securing business for the company or that the company had authorized his decision to drive Grifaldo's car. In his deposition, he explained:

Q: And you were driving Ms. Grifaldo's car because you were doing her a personal favor and trying to figure out if you could help get the alarm fixed, is that correct?

A: Yes, exactly.

Q: And no one at Texas Car Stereo told you to drive the car into the shop did they?

A: No.

Q: . . . so no one at Texas Car Stereo knew you were bringing the car in that day did they?

A: No.

Q: And because of the accident, you never made it to Texas Car Stereo on July 9, 2011, is that correct?

A: No, I didn't get there.

\* \* \*

Q: Did anyone at Texas Car Stereo ever ask you to bring in customer cars for repairs?

8

A: This had nothing, absolutely nothing to do with Texas Car Stereo.

Because no evidence raises a fact issue that Texas Car Stereo either took possession of Grifaldo's car or that Grifaldo gave her car to Rodriguez with Texas Car Stereo's knowledge or awareness—such that it could have tacitly permitted or acquiesced in its use by Rodriguez—Martinez cannot establish the elements of right to control or entrustment. *See Soodeen v. Rychel*, 802 S.W.2d 361, 362–63 (Tex. App.—Houston [1st Dist.] 1990, writ denied).

## III. Vicarious Liability

### A. Applicable law

Under the respondeat superior theory, an employer is vicariously liable for the negligent acts of its employee acting within the scope of employment. *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998). "The general rule is that an employer is liable for its employee's tort only when the tortious act falls within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired." *Minyard Food Stores v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002).

The main issue for determining whether an employee is acting within the course and scope of employment is whether the employer had the right to direct and control the employee's performance when the alleged negligent act occurred.

9

*St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 542 (Tex. 2003) (confirming that "the right to control remains the 'supreme test' for whether the master-servant relationship exists" and thus whether the rule of vicarious liability applies) (quoting *Golden Spread Council, Inc. No. 562 of Boy Scouts of Am. v. Akins*, 926 S.W.2d 287, 290 (Tex. 1996)). The employee's acts must be of the same general nature as the conduct authorized or incidental to the conduct authorized to be within the scope of employment. *Minyard*, 80 S.W.3d at 577 (citing *Smith v. M Sys. Food Stores, Inc.*, 297 S.W.2d 112, 114 (Tex. 1957)). If an employee deviates from performing employment-related duties for a personal purpose, the employer is not responsible for what occurs during that deviation. *Id.*

An employee generally is not in the course and scope of employment while driving a vehicle to and from his place of work. *Wilie v. Signature Geophys. Servs., Inc.*, 65 S.W.3d 355, 358 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

### B. Analysis

Martinez argues that, like the employee in *Arbelaez v. Just Brakes Corp.*, he raises a fact issue that Rodriguez was acting within the course and scope of his employment because Rodriguez's purpose for driving the car was to benefit his employer by bringing in additional business. *See* 149 S.W.3d 717, 721 (Tex. App.—Austin 2004, no pet.) (determining that manager's affirmative and routine request that employee make breakfast run raised fact issue on whether employee

10

deviated from employment on personal errand or was acting in course and scope of employment when employee had traffic accident on way to pick up breakfast). It is undisputed, however, that Rodriguez was not authorized to drive customer vehicles and that no Texas Car Stereo employee was permitted to drive a customer's vehicle off of company premises. These undisputed facts preclude any reasonable inference that Texas Car Stereo authorized Rodriguez to use Grifaldo's car or that his doing so came within the course and scope of his employment. *See Brown v. Am. Racing Equip., Inc.*, 933 S.W.2d 734, 736 (Tex. App.—San Antonio 1996, no writ) (upholding summary judgment on basis that employee was not acting in course and scope of employment when he was injured assisting in repair of manager's car where no evidence showed he was authorized to do so).

Martinez points to evidence that other Texas Car Stereo employees would occasionally drive in vehicles for service at Texas Car Stereo that they owned or that belonged to a friend. But Martinez proffered no evidence that Texas Car Stereo authorized Rodriguez to do so, or that driving cars to the shop was expected as a condition of employment at the shop. The evidence fails to demonstrate that Rodriguez's use of Grifaldo's car off of Texas Car Stereo property was conduct authorized to be within the scope of employment or incidental to it. *See St. Joseph Hosp.*, 94 S.W.3d at 542.

11

Although the accident happened just as he exited his apartment complex and was on his regular route to work, Rodriguez testified that he was first headed to the junkyard on a personal errand—to acquire a car part for an unidentified friend—and he planned to go to work only after acquiring the part. To raise a fact issue on course and scope, the nonmovant must show that the employee's actions were not for a purely personal matter, but also indirectly benefited the employer's business. *See Mitchell v. Ellis*, 374 S.W.2d 333, 336 (Tex. App.—Fort Worth 1963, writ ref'd) (holding that employee deviated from delivery duties and thus was not acting in course and scope when he caused accident by negligently crossing street to purchase cigarettes), *cited in Just Brakes Corp.*, 149 S.W.3d at 723 & n.8.

Because the summary judgment evidence shows that Rodriguez's trip was neither within the course and scope of his employment nor incidental to it, we hold that the trial court did not err in granting summary judgment in favor of Texas Car Stereo on this ground.

## IV. Gross Negligence

Because there is no evidence to support Martinez's negligence claim against Texas Car Stereo, his gross negligence claim also fails. *See Garay v. G.R. Birdwell Const., L.P.*, No. 01-13-01088-CV, 2014 WL 6680347, at *9 (Tex. App.—Houston [1st Dist.] Nov. 25, 2014, no pet.) (mem. op.); *Shell Oil Co. v.*

*Humphrey*, 880 S.W.2d 170, 174 (Tex. App.—Houston [14th Dist.] 1994, writ denied).

## Conclusion

We hold that the trial court properly granted summary judgment in favor of Texas Car Stereo on Martinez's wrongful death action based on claims of negligence and gross negligence. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Jennings, Keyes, and Bland.