■ Burton E. Deitz, Jr., Respondent, v Evelyne Aronin, Appellant, et al., Defendant.—Casey, J. Appeal from an order of the Supreme Court (Bradley, J.), entered March 16, 1987 in Ulster County, which denied defendant Evelyne Aronin's motion to dismiss the second cause of action in the amended complaint for failure to state a cause of action.

The sole issue raised by this appeal is the legal sufficiency of the second cause of action alleged in plaintiff's amended complaint. This cause of action alleges liability against the owner of a vehicle, defendant Evelyne Aronin, because she negligently entrusted her vehicle to her son, defendant James Certilman, when she knew or should have known that he was incompetent to operate a motor vehicle "by virtue of his prior personal history and habits, including his prior driving history, dangerous vehicular operational habits and habitual tendency to speed excessively". The amended complaint contains a first cause of action against Aronin based on her ownership of the vehicle under Vehicle and Traffic Law § 388.

---

The accident allegedly occurred when Certilman was driving his mother's car south on the Thruway near milepost 92 and struck plaintiff, who was off and to the right of the highway. It is not clear that speed proximately contributed to the accident. Regardless, Supreme Court denied Aronin's motion to dismiss the second cause of action for insufficiency.

Aronin contends that plaintiff's bill of particulars has limited the basis for his claim of Certilman's incompetence to two speeding convictions, about a year apart, prior to the accident. In addition to these two convictions, however, the bill of particulars also recites the same general allegation of incompetence contained in the complaint and quoted above. While such an allegation, without some supporting proof, would be insufficient to survive a motion for summary judgment, dismissal under CPLR 3211 (a) (7) is inappropriate (see, Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).

Order affirmed, with costs. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.