■ EILEEN MIMOUN et al., Appellants, v CHRISTOPHER A. BARTLETT et al., Defendants, and CLIFFORD A. BARLETTT, JR., Respondent.—In an action to recover damages for personal injuries arising out of an automobile accident, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Becker, J.), dated July 11, 1988, which upon granting the motion of the defendant Clifford A. Bartlett, Jr., for summary judgment dismissing the second cause of action, dismissed the complaint insofar as asserted against him.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly dismissed the plaintiffs' cause of action sounding in negligent entrustment inasmuch as the facts of this case could not, as a matter of law, support that claim *(see, Nolechek v Gesuale,* 46 NY2d 332). The defendant Christopher A. Bartlett, the driver of the vehicle which collided with the plaintiff's car, was 20 years old at the time of the accident and thus was not an "infant" *(see,* General Obligations Law § 1-202). As such, his father, the defendant Clifford A. Bartlett, Jr., cannot be found liable, in his capacity as a parent, for any negligent act of his son.

Furthermore, the evidence adduced failed to support the plaintiffs' claim that Christopher had a propensity to drive recklessly. A single conviction for excessive speeding cannot constitute a propensity sufficient to sustain a claim of negligent entrustment *(see, Deitz v Aronin,* 135 AD2d 1009). In

addition, the evidence conclusively established that the father neither owned nor controlled the vehicle and could not, therefore, have "entrusted" it to his son *(see, Pfenning v Agri Business Brokerage Corp.,* 124 AD2d 1013). Contrary to the appellants' contention, we find that the father's cosigning of the loan used for the vehicle's purchase, knowing that his son's driver's license had been suspended, does not provide a basis to cast the father in liability. Accordingly, the defendant father was entitled to judgment as a matter of law. Kunzeman, J. P., Harwood, Balletta and O'Brien, JJ., concur.