■ KIMBERLY HARTSOCK, Appellant, v GORDON HARTSOCK, SR. et al., Respondents.—Yesawich Jr., J. Appeal from an order of the Supreme Court (Swartwood, J.), entered December 17, 1991 in Chemung County, which granted defendants' motion for summary judgment dismissing the complaint.

At issue is whether Supreme Court correctly concluded that plaintiff failed to state a cause of action against defendants for negligently entrusting a dangerous instrumentality to their 24-year-old, married, self-supporting son, Gordon Hartsock, Jr. (hereinafter Hartsock). Angry and distraught because plaintiff, Hartsock's estranged wife, refused to reconcile with him, Hartsock retrieved his 12-gauge shotgun from his room at defendants' house, where he had been living, returned to the house where plaintiff was visiting and shot plaintiff, causing her grave injuries.

After Hartsock's conviction of the crimes of attempted murder in the second degree and assault in the first degree *(see, People v Hartsock,* 189 AD2d 991 [decided herewith]), plaintiff commenced the instant personal injury action which essentially charges that defendants negligently entrusted a shotgun to their son. Supreme Court granted defendants summary judgment dismissing the complaint, prompting this appeal by plaintiff. Because defendants had no duty to protect plaintiff from, or to oversee, their son's independent activities, we affirm.

Liability for the negligent acts of a third party is not ordinarily imposed unless the defendant has the authority, as well as the ability, to control that party's actions; the mere fact that the defendant could have exercised that control " 'as

a practical matter' " does not create a duty to do so *(Purdy v Public Adm'r of County of Westchester,* 72 NY2d 1, 8, quoting *D'Amico v Christie,* 71 NY2d 76, 88). If, however, a "special relationship" exists between the defendant and the third party, the defendant may have a duty to attempt to control the third party's conduct *(Purdy v Public Adm'r of County of Westchester, supra,* at 8).

Thus, parents of a minor child can be held liable for certain of the child's acts and for improvidently entrusting to the child a dangerous instrument *(see, Nolechek v Gesuale,* 46 NY2d 332, 336; *see also, Len v City of Cohoes,* 144 AD2d 187, 187-188). No justification exists, however, for imposing liability on parents for the conduct of their emancipated, adult child. Inasmuch as parents have no legal right to control their adult child's activities, they cannot be held liable for those activities *(see, Fischer v Lunt,* 162 AD2d 1016, 1017; *Mimoun v Bartlett,* 162 AD2d 506).

Although a duty may arise from the act of supplying a dangerous instrument to a person who the supplier knows is likely to use it to cause harm *(Splawnik v Di Caprio,* 146 AD2d 333, 335), that is not the factual posture presented in this case. Defendants did not furnish the gun to Hartsock at the time of the shooting, nor were they at home when he retrieved it; indeed, they had not even seen him for two days prior to the incident. Furthermore, the evidence is uncontroverted that the gun belonged to Hartsock. And, notwithstanding plaintiff's contrary assertion, the fact that the gun was stored on defendants' premises does not render them liable, for liability in their capacity as land owners *(see, Basso v Miller,* 40 NY2d 233) would only attach to them for acts occurring on the property itself *(see, D'Amico v Christie,* 71 NY2d 76, 85, *supra),* which was not the circumstance here.

Mikoll, J. P., Levine, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.