681 So.2d 785 (1996)
Richard SANZARE, Appellant,
v.
Daniela VARESI and Edward Varesi, Individually and as Tenants by the Entireties, Terry Reynolds and Karen Reynolds, Individually and as Tenants by the Entireties, and Coconut Key Homeowners Association, Inc., a Florida Corporation, Appellees.
No. 95-0465.
District Court of Appeal of Florida, Fourth District.
September 25, 1996.
Rehearing Denied November 4, 1996.
Arnold R. Ginsberg of Arnold R. Ginsberg, P.A., and Boone & Davis, P.A., Miami, for appellant.
Green, Haverman & Ackerman, P.A., Fort Lauderdale, and Kimberly L. Boldt of Russo *786 & Talisman, P.A., Miami, for appellee Coconut Key Homeowners Association, Inc.
POLEN, Judge.
On April 11, 1996, this court sua sponte withdrew its opinion affirming a final summary judgment entered in favor of the defendant, Coconut Key Homeowners Association (the Association) in this "dog-bite" case. Sanzare v. Varesi, 668 So.2d 331 (Fla. 4th DCA 1996). After further consideration, and in keeping with this court's recent opinion in Barrwood Homeowners Association, Inc. v. Maser, 675 So.2d 983 (Fla. 4th DCA 1996), we reverse the summary judgment.
Appellant, Richard Sanzare, was bitten by a dog owned by two people who leased a residence in the Coconut Key community. The bite occurred while Sanzare walked his own dog on a non-dedicated street running through the community, a "common area" owned by the Association. Sanzare filed a negligence action against the Association, which moved for summary judgment on the basis liability for the dog-bite incident could be extended only to the owner of the dog or the landlord of the property where the dog was kept. The Association argued it owed no duty to Sanzare. The trial court entered final summary judgment in favor of the Association.
A party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought. Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). Further, a summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law. Id. Application of these principles to the instant case compels reversal because genuine issues of material fact remain.
As this court noted in Vasques v. Lopez, 509 So.2d 1241 (Fla. 4th DCA 1987), a landowner may be liable for injuries resulting from an attack by a bad dog owned by a tenant, if the landowner knows of the presence of the animal and its vicious propensity, and has the ability to control its presence. Id. at 1242; Barrwood, 675 So.2d at 984. Remaining factual issues regarding the Association's knowledge of the presence of the animal and its vicious propensities, as well as the Association's ability to control the dog's presence, preclude summary judgment.
We note by this opinion our initial reliance on Tran v. Bancroft, 648 So.2d 314 (Fla. 4th DCA 1995), was misplaced. As is explained in Barrwood, Tran concerned the issue of a landowner's liability for injuries caused by a tenant's dog on property not owned by the landlord. Barrwood, 675 So.2d at 984. In the instant case, it is uncontroverted Sanzare's injuries occurred while he stood on property owned by the Association, thus the holding in Tran does not apply here.
Because genuine issues of material fact remain, we reverse the final summary judgment and remand for further proceedings.
STEVENSON and GROSS, JJ., concur.