751 So.2d 653 (1999)
Tom CARNEY, Appellant,
v.
Frank GAMBEL and Hilda Gambel, Appellees.
No. 99-0809.
District Court of Appeal of Florida, Fourth District.
December 29, 1999.
Steven M. Goldsmith of Steven M. Goldsmith, P.A., Boca Raton, for appellant.
M.S. Dunay of Myron S. Dunay, P.A., Delray Beach, for appellees.
STONE, J.
Plaintiff appeals from a final order dismissing counts III and IV of a second amended complaint for failure to state a cause of action.
*654 At issue is whether the trial court correctly concluded that Plaintiff failed to state a cause of action against Frank and Hilda Gambel (hereinafter Defendants) for negligent failure to exercise control over their adult son, Mark. Defendants reside in a country club community with their son.[1] Plaintiff, the security head of the community, was assaulted and battered by Mark during the course of his employment. Plaintiff asserted that Defendants owed a duty of care, both as parents and landlords, to protect Plaintiff from their adult son's reasonably foreseeable criminal conduct. We affirm. Defendants had no duty to protect Plaintiff from their adult son's conduct.
Generally, there is no duty to control the conduct of a third person to prevent him or her from causing physical harm to another. See Gross v. Family Services Agency, Inc., 716 So.2d 337, 338 (Fla. 4th DCA 1998), rev. granted sub nom., Nova Southeastern Univ., Inc. v. Gross, 737 So.2d 551 (Fla.1999); see also Restatement (Second) of Torts § 314 (1965). An exception arises where a special relationship exists between the actor and the third person. See Garrison Retirement Home Corp. v. Hancock, 484 So.2d 1257, 1261 (Fla. 4th DCA 1985); see also Restatement (Second) of Torts § 316-19 (1965). The special relationship, however, must include the right or the ability to control another's conduct. See Garrison, 484 So.2d at 1261.
With respect to the duty owed as a landlord, we find Plaintiffs argument unpersuasive. Plaintiff relies on Sanzare v. Varesi, 681 So.2d 785 (Fla. 4th DCA 1996), wherein a third party brought suit against a homeowner's association for injuries resulting from an attack by a vicious dog owned by a resident in the community. There, this court held that liability could attach if the evidence showed that the association had knowledge of the animal's presence and its vicious propensities, as well as the ability to control its presence on the premises. Id. at 786; see also Vasques v. Lopez, 509 So.2d 1241 (Fla. 4th DCA 1987). We discern no reason, and there is no authority, for extending any recognized liability of a landlord for acts of a vicious dog to acts of an adult child.
With respect to the duty owed as a parent, we find that Defendants may not be held legally responsible for the conduct of their emancipated, adult child. We note that in those instances where a special relationship has been found imposing liability on a parent for conduct of a child, the duty to exercise control is limited to a minor child. See Snow v. Nelson, 475 So.2d 225 (Fla.1985), approving Gissen v. Goodwill, 80 So.2d 701 (Fla.1955); see also Restatement (Second) of Torts § 316. Certainly, where there is no legal right to control a child, there can be no liability imposed on the parent. See Hartsock v. Hartsock, 189 A.D.2d 993, 592 N.Y.S.2d 512 (1993).
No Florida decision has imposed liability upon the parents of an adult child for intentional acts simply because the child may be financially dependent on, or needs to reside with, his or her parents. Cf. Thorne v. Ramirez, 346 So.2d 121, 122 (Fla. 3d DCA 1977)(absent allegations that adult child was insane or mentally deficient, a complaint that sought to hold the parents of the child liable for an intentional tort was properly dismissed). We need not speculate on circumstances under which a parent might incur liability for intentional acts of a minor child or an adult dependent child over whom they have accepted a lawfully designated responsibility due to the child's incompetency, as such is not alleged here. See Thorne.
As to all other issues raised, we also affirm.
GROSS, J. and JULIAN, JOYCE, Associate Judge, concur.
NOTES
[1] We note that Mark was apparently also a co-owner of the unit.