PER CURIAM.
George and Mary Lott and Theresa Blakely appeal an adverse summary judgment in their wrongful death claim against Lisa Goodkind. We affirm.
Defendant-appellee Goodkind was the mother of 19-year-old John Carter. Carter had been placed on community control with the encouragement and assent of Goodkind and was permitted to live in Goodkind’s home. As is usual in this type of case, the case was assigned to a community control officer.
Subsequent to his release on community control, out of ill will from prior events Carter murdered John Lott, a former friend and the child of appellants George and Mary Lott, and Harold Blakely, the father of Carter’s former girlfriend and the husband of appellant Theresa Blakely. The estates of both victims brought claims seeking to hold Goodkind liable for the conduct of her adult son.
Appellants seek to base their claims on section 319 of the Restatement (Second) of Torts. That section states:
One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if 'not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm
Under the plaintiff estates’ view of that section, Goodkind took charge of Carter upon his release. We disagree. Liability of the type described in section 319 has typically been imposed on persons having someone committed to their legal custody, such as a jailer or superintendent of a residential institution which has the ability to control the actions of its residents. See Nova University, Inc. v. Wagner, 491 So.2d 1116, 1117-18 (Fla.1986).
As explained in Carney v. Gambol, 751 So.2d 653 (Fla. 4th DCA 1999):
Generally, there is no duty to control the conduct of a third person to prevent him or her from causing physical harm to another. An exception arises where a special relationship exists between the actor and the third person. The special relationship, however, must include the right or the ability to control another’s conduct.
Id. at 654 (citations omitted).
In the present case, Carter was not committed to the custody of his mother. He was nineteen years old, legally an adult. Plainly he was placed with his mother by reason of the family relation, but the supervision responsibility was that of the community control officer.
As further explained in Carney:
With respect to the duty owed as a parent, we find that Defendants may not *409 be held legally responsible for the conduct of their emancipated, adult child. We note that in those instances where a special relationship has been found imposing liability on a parent for conduct of a child, the duty to exercise control is limited to a minor child. Certainly, where there is no legal right to control a child, there can be no liability imposed on the parent.
No Florida decision has imposed liability upon the parents of an adult child for intentional acts simply because the child may be financially dependent on, or needs to reside with, his or her parents.
751 So.2d at 654 (citations omitted; emphasis in original).
In this case, Carter resided in Good-kind’s household with her consent, but he was not committed to her custody. Rather he was placed with the approval of the court and was under the supervision of a community control officer. We do not think that can be considered “taking charge” of Carter for purposes of a Section 319 analysis.
The plaintiffs also sought to present a claim that Goodkind had a duty to warn them of Carter’s potential actions. We reject that claim on the authority of Boynton v. Burglass, 590 So.2d 446 (Fla. 3d DCA 1991). Further, the claimed threat in this case was not a clear and specific threat such as the one at issue in Boynton.
While the present case is a tragic one, we conclude that there is no basis for civil liability against Ms. Goodkind. The summary judgment was correctly entered.
Affirmed.