■ ARTHUR WIRSING et al., Appellants, v DONZI MARINE INC., et al., Respondents, et al., Defendants. (And a Third-Party Action.) [818 NYS2d 148]—

In an action, inter alia, to recover damages for fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Giacobbe, J.), dated May 28, 2004, as denied their cross motion for leave to amend the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiffs allege that in May 1999 they bought a speed boat, manufactured by the defendant Donzi Marine, Inc. (hereinafter Donzi), from the defendant Cape Island Yacht Sales, Inc. (hereinafter Cape Island). The defendant Chesapeake Atlantic Yacht Sales, Inc. (hereinafter Chesapeake), acquired the boat from Donzi in 1997. The plaintiffs alleged that they relied on false representations made by all of the defendants that the boat was a new 1998 Donzi boat. They allege that one engine was never operational and the other malfunctioned soon after the purchase.

Following discovery, Donzi and Chesapeake each moved for summary judgment. They argued that there was no evidence that they had made any representations to the plaintiffs in connection with their purchase of the boat from Cape Island, or that the plaintiffs had relied on any such representations in deciding to purchase the boat. The plaintiffs cross-moved for leave to amend the complaint to allege with greater factual specificity that Donzi and Chesapeake had made fraudulent misrepresentations to them through their agent, Cape Island, concerning the origins and condition of the boat.

The Supreme Court granted summary judgment in favor of Donzi and Chesapeake. The Supreme Court properly denied the plaintiffs' cross motion for leave to amend their pleadings as to their fraud cause of action, as the proposed pleading alleging fraudulent misrepresentation was patently devoid of merit under the particular circumstances of this case (*see Leszczynski v Kelly & McGlynn*, 281 AD2d 519, 520 [2001]; *Tarantini v Russo Realty Corp.*, 273 AD2d 458, 459 [2000]). The proposed amended complaint failed to allege the existence of a confidential or fiduciary relationship between the plaintiffs and Donzi or Chesapeake, as required for a viable cause of action sounding in fraud for any failure to disclose (*see* CPLR 3016 [b]; *Williams v Upjohn Health Care Servs.*, 119 AD2d 817, 819 [1986]; *County of Westchester v Welton Becket Assoc.*, 102 AD2d 34, 50-51 [1984], *affd* 66 NY2d 642 [1985]). Crane, J.P., Mastro, Skelos and Dillon, JJ., concur.