■ GAIL SPENCER et al., Appellants, v EVAN GREEN et al., Respondents. [842 NYS2d 445]—

In an action to recover damages for fraud, tortious interference with contract, and unjust enrichment, the plaintiffs appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated April 7, 2006, which, inter alia, granted that branch of the motion of

the defendants Evan Green and Jerry Selya which was for summary judgment dismissing the complaint insofar as asserted against them, granted that branch of the separate motion of the defendants N. Lawrence Newhouse, Bayview Development Corp., and Douglas J. Baumgarth which was for summary judgment dismissing the complaint insofar as asserted against them, and directed the parties to proceed to arbitration.

Ordered that the order is modified, on the law, by deleting the provision thereof directing the parties to proceed to arbitration; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiffs sold their house in Nesconset to the defendant Bayview Development Corp. (hereinafter Bayview). The complaint alleges, inter alia, that the defendants fraudulently induced the plaintiffs to enter into a binder and a subsequent contract of sale with Bayview by, among other things, failing to disclose an offer made by another prospective buyer and Bayview's future plans for the property.

Although a cause of action alleging fraud may be predicated on acts of concealment, the plaintiffs must allege, inter alia, that the defendant had a duty to disclose the disputed information (*see Ozelkan v Tyree Bros. Envtl. Servs., Inc.*, 29 AD3d 877, 878 [2006]; *E.B. v Liberation Publs.*, 7 AD3d 566, 567 [2004]). "A fiduciary relationship 'exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation'" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005], quoting Restatement [Second] of Torts § 874, Comment *a*). With respect to the plaintiff's fraudulent concealment cause of action, the defendants N. Lawrence Newhouse, Bayview, and Douglas J. Baumgarth (hereinafter the buyer defendants) established their entitlement to judgment as a matter of law by proof demonstrating the absence of a confidential or fiduciary relationship between them and the plaintiffs. The buyer defendants thus established, prima facie, that they had no duty to disclose the information in controversy. In opposition, the plaintiffs failed to raise a triable issue of fact in this regard. In any event, their complaint, which omitted any allegations that they had a confidential or fiduciary relationship with the buyer defendants, did not even state a cause of action for fraud predicated on an act of concealment insofar as asserted against the buyer defendants (*see Wirsing v Donzi Mar. Inc.*, 30 AD3d 589 [2006]).

In addition, the defendants Evan Green and Jerry Selya (hereinafter the broker defendants), who were employed by the

corporate broker which held the exclusive listing for the property, established their entitlement to judgment as a matter of law by proof that they did not fraudulently induce the plaintiffs to sell the house to the buyer defendants on the basis of any alleged misrepresentation on which the plaintiffs relied. Moreover, the plaintiffs admittedly knew about the other offer, and the record reveals the absence of any triable issue of fact as to whether the broker defendants made any other misrepresentation and whether the plaintiffs justifiably relied thereon (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]; *Schumaker v Mather*, 133 NY 590, 596 [1892]; *Orlando v Kukielka*, 40 AD3d 829 [2007]; *Curran, Cooney, Penney v Young & Koomans*, 183 AD2d 742, 743 [1992]). Accordingly, the Supreme Court correctly granted the broker defendants' motion for summary judgment dismissing the cause of action to recover damages for fraud insofar as asserted against them.

In opposition to the defendants' prima facie showing that they did not tortiously interfere with the relevant contract, the plaintiffs also failed to raise a triable issue of fact, and their complaint failed even to set forth the elements required to establish a cause of action to recover for tortious interference with contract (*see NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 622-624 [1996]; *Commodari v Long Is. Univ.*, 295 AD2d 302 [2002]).

Accordingly, the Supreme Court properly granted those branches of the respective motions which were for summary judgment dismissing the complaint.

In any event, as to the buyer defendants, the binder containing the arbitration clause was merged into the contract of sale, which did not contain such a clause. Accordingly, it was error to direct the parties to proceed to arbitration.

The plaintiffs' remaining contentions are without merit. In light of our determination, we need not reach the defendants' remaining contentions. Rivera, J.P., Krausman, Skelos and Balkin, JJ., concur.