JOHN TROIANO, Respondent, v ANTHONY DEMARCO, Defendant, and ROSALIE SARNO et al., Appellants. [858 NYS2d 189]—

In an action to recover damages for personal injuries, the defendants Rosalie Sarno and Salvatore Sarno appeal from an order of the Supreme Court, Westchester County (LaCava, J.), entered December 15, 2006, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Rosalie Sarno and Salvatore Sarno for summary judgment dismissing the complaint insofar as asserted against them is granted.

The plaintiff allegedly sustained a rotator cuff tear at the home of the defendants Rosalie Sarno and Salvatore Sarno (hereinafter together the Sarnos), when the defendant Anthony DeMarco (hereinafter their emancipated son), the son of Rosalie Sarno and the stepson of Salvatore Sarno, who had a history of psychiatric problems, allegedly pushed him to the ground, causing him to hit the steps of the interior staircase. The plaintiff commenced this action alleging, inter alia, the negligence of the Sarnos. The Sarnos moved for summary judgment, contending that they had no duty to protect the plaintiff from their emancipated son, that they had no authority or ability to control their son's behavior, and that they were unaware of the need for such control. The Supreme Court denied their motion, and we reverse.

The Sarnos submitted evidence sufficient to establish their prima facie entitlement to judgment as a matter of law. They cannot be held vicariously liable for the actions of their emancipated son (*see Hartsock v Hartsock*, 189 AD2d 993 [1993]; *Mimoun v Bartlett*, 162 AD2d 506 [1990]; *Fischer v Lunt*, 162 AD2d 1016 [1990]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact as to whether the Sarnos, as landowners, had the ability and opportunity to control the conduct at issue through the exercise of reasonable measures, and whether their alleged failure to do so was a proximate cause of the injuries alleged (*see D'Amico v Christie*, 71 NY2d 76, 85 [1987]; *DeRyss v New York Cent. R.R. Co.*, 275 NY 85, 93-94 [1937]). Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.