■ CYNTHIA A. KOURIL, Respondent, v SLS RESIDENTIAL, INC., et al., Defendants, and JACQUELINE MARSHALL, Appellant. [928 NYS2d 730]—

The appellant, Jacqueline Marshall, is the mother of Evan Marshall. In November 2005 Evan began residing and receiving treatment, as a voluntary patient, at the defendant SLS Residential, Inc. (hereinafter SLS), a substance abuse and mental health facility located in Brewster, New York. On August 16, 2006, Evan, who was then 31 years old, was released on a "pass" from the facility for the ostensible reason of visiting his mother. On August 17, 2006, at around 8:15 A.M., Evan drove onto a footpath where the plaintiff was jogging and struck her with his vehicle. Shortly thereafter, Evan murdered his mother's neighbor. Evan has since pleaded guilty to criminal charges arising from both of these incidents (*see Fox v Marshall*, 88 AD3d 131 [2011] [decided herewith]).

The plaintiff then commenced this action against, among others, SLS and the appellant, whom she alleged was liable for Evan's actions because she knew of his violent propensity and failed to take steps to protect "the public from Evan." In the order appealed from, the Supreme Court, inter alia, denied that branch of the appellant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) insofar as asserted against her. We reverse the order insofar as appealed from.

A parent is not liable for the tortious or intentional conduct of an emancipated child (*see Troiano v DeMarco*, 50 AD3d 1020 [2008]; *Hartsock v Hartsock*, 189 AD2d 993 [1993]; *Mimoun v Bartlett*, 162 AD2d 506 [1990]; *Fischer v Lunt*, 162 AD2d 1016 [1990]).

Accordingly, the complaint failed to state a cause of action against the appellant, and that branch of her motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) insofar as asserted against her should have been granted (*see* CPLR 3211 [a] [7]). Covello, J.P., Dickerson, Eng and Sgroi, JJ., concur.