*743 The plaintiff employed the defendant psychiatrist to treat his child pursuant to a directive of the court in a matrimonial action in which the plaintiffs application for custody of the child was then pending. The defendant prepared a report and submitted it to the court in that action, and the plaintiff stipulated to its admission into evidence. Subsequently, the court denied the plaintiffs application for custody (see Baker v Baker, 66 AD3d 722 [2009]).
The plaintiff then commenced this action to recover damages for medical malpractice, negligence, and defamation based upon certain statements in the report concerning the plaintiff. The defendant moved, inter alia, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint. The Supreme Court granted that branch of the motion which was to dismiss the first and second causes of action pursuant to CPLR 3211 (a) (7) and that branch of the motion which was to dismiss the third cause of action, in effect, pursuant to CPLR 3211 (a) (1). On October 28, 2010, the Supreme Court entered a judgment dismissing the complaint. We affirm.
“On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Rietschel v Maimonides Med. Ctr., 83 AD3d 810, 810 [2011] [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87 [1994]). On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), “dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law” (Leon v Martinez, 84 NY2d at 88; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]).
Here, the Supreme Court properly dismissed the first cause of action pursuant to CPLR 3211 (a) (7). Accepting the facts as alleged in the complaint as true and according the plaintiff the *744 benefit of every possible favorable inference (see Nonnon v City of New York, 9 NY3d 825, 827 [2007]), the plaintiff failed to state a cause of action to recover damages for medical malpractice. According to the allegations in the complaint, the physician-patient relationship here was between the defendant and the plaintiff’s child, not the plaintiff and, thus, the allegations do not support a duty of care owed by the defendant to the plaintiff (see Cohen v Cabrini Med. Ctr., 94 NY2d 639, 642 [2000]; Fox v Marshall, 88 AD3d 131 [2011]).
Further, the third cause of action, which sought to recover damages for defamation, was properly dismissed pursuant to CPLR 3211 (a) (1). An essential element of a defamation claim is that the alleged defamatory statement was “ ‘published without privilege or authorization’ ” (Epifani v Johnson, 65 AD3d 224, 233 [2009], quoting Salvatore v Kumar, 45 AD3d 560, 563 [2007]). The documentary evidence submitted by the defendant in support of his motion established conclusively that the plaintiff consented to the admission of the subject report into evidence by way of stipulation. Accordingly, the defendant was entitled to dismissal of the third cause of action pursuant to CPLR 3211 (a) (1) (see Pacella v Whiteman Osterman & Hanna, 14 AD3d 545 [2005]; cf. Sokol v Leader, 74 AD3d 1180, 1181-1182 [2010]).
Finally, the Supreme Court properly dismissed the second cause of action as duplicative of the first and third causes of action (see Turner v Irving Finkelstein & Meirowitz, LLP, 61 AD3d 849, 850 [2009]; Kvetnaya v Tylo, 49 AD3d 608, 609 [2008]). Rivera, J.R, Angiolillo, Belen and Roman, JJ., concur.