*915 In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated December 15, 2011, which granted the motion of the defendant Lakeside Manor Homes for Adults, Inc., for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed, with costs.
The plaintiff, a resident of an adult care facility operated by the defendant Lakeside Manor Homes for Adults, Inc. (hereinafter Lakeside), was stabbed by another resident of Lakeside, Eulalio Fierro, incorrectly sued herein as Eualilio Sierro, during an argument in Lakeside’s lobby. The plaintiff commenced this personal injury action against Fierro and Lakeside, alleging that Lakeside was liable because, among other reasons, it had a duty to protect him from the assaults of other residents. The Supreme Court granted Lakeside’s motion for summary judgment dismissing the complaint insofar as asserted against it, finding that no duty of care existed.
Lakeside presented evidence that it is an adult care facility (hereinafter ACF) (see Social Services Law § 2 [25]; 18 NYCRR 485.6). An ACF is defined as a “family-type home for adults, a shelter for adults, a residence for adults or an adult home, which provides temporary or long-term residential care and services to adults who, though not requiring continual medical or nursing care as provided by facilities licensed or operated pursuant to article 28 of the Public Health Law or articles 19, 23, 29 and 31 of the Mental Hygiene Law, are, by reason of physical or other limitations associated with age, physical or mental disabilities or other factors, unable or substantially unable to live independently” (18 NYCRR 485.2 [a]).
The question of whether a defendant owes a duty of care to another person is a question of law for the courts (see Purdy v Public Adm’r of County of Westchester, 72 NY2d 1, 8 [1988]; Eiseman v State of New York, 70 NY2d 175, 187 [1987]; Citera v County of Suffolk, 95 AD3d 1255, 1258 [2012]). “Generally, there is no ‘duty to control the conduct of third persons to prevent them from causing injury to others,’ even where, as a practical matter, the defendant could have exercised such control” (Citera v County of Suffolk, 95 AD3d at 1258, quoting Purdy v Public Adm’r of County of Westchester, 72 NY2d at 8). However, courts have imposed a duty of care where “there exist special circumstances in which there is sufficient authority and ability to control the conduct of third persons that [courts] have identified a duty to do so. Thus, [courts] have imposed a duty to control the conduct of others where there is a special relation *916 ship: a relationship between defendant and [the] third person whose actions expose plaintiff to harm such as would require [one] defendant to protect the plaintiff from the conduct of others” (Purdy v Public Adm’r of County of Westchester, 72 NY2d at 8; Fox v Marshall, 88 AD3d 131, 136 [2011]).
Here, Lakeside established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by presenting evidence that, as an ACF, its residents were free to come and go as they pleased, and that in order to remove a resident from the facility, it would need to commence an eviction proceeding. Because it is an ACF, Lakeside’s control over Fierro, “and consequent duty to prevent him from harming others, is more limited than in cases involving persons confined to mental institutions” (Schrempf v State of New York, 66 NY2d 289, 296 [1985]). Lakeside did not require the issuance of day passes, which would have been indicative of “a certain level of authority and control” over its residents (Fox v Marshall, 88 AD3d at 137), who did not “relinquish general autonomy” (Purdy v Public Adm’r of County of Westchester, 72 NY2d at 7). In opposition, the plaintiff failed to raise a triable issue of fact.
In light of our determination, we need not reach the parties’ remaining contentions.
Thus, the Supreme Court properly granted Lakeside’s motion for summary judgment dismissing the complaint insofar as asserted against it.
Mastro, J.E, Chambers, Hall and Lott, JJ., concur.