■ EDWIN DAVIS et al., Appellants, v SOUTH NASSAU COMMUNITIES HOSPITAL et al., Respondents. [989 NYS2d 500]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Sher, J.), entered July 12, 2012, which granted the separate motions of the defendant South Nassau Communities Hospital and the defendants Regina E. Hammock, Christine DeLuca, and Island Medical Physicians, P.C., pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against each of them, denied that branch of their cross motion which was for leave to amend the complaint, and denied, in effect, as academic, that branch of their cross motion which was to con-

solidate this action with two related actions entitled *Walsh-Roman v Hammock* and *Davis v Walsh*, pending in the Supreme Court, Nassau County, under index Nos. 23966/09 and 8405/09, respectively, and (2) a judgment of the same court entered September 11, 2012, which, upon the order, is in favor of the defendants and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On March 4, 2009, at approximately 7:27 a.m., Lorraine Walsh went to the emergency room at the defendant South Nassau Communities Hospital (hereinafter the hospital), complaining of, inter alia, abdominal pain. At the hospital, Walsh was examined by the defendants Regina E. Hammock and Christine DeLuca, who were employed by the defendant Island Medical Physicians, P.C. (hereinafter Island Medical). Walsh was given several medications to, among other things, reduce her pain, including a narcotic medication. At approximately 12:30 p.m., Walsh was discharged from the hospital. At approximately 12:49 p.m., Walsh was driving her vehicle when she allegedly became unconscious as a result of the medications administered to her at the hospital, and her vehicle crossed a double yellow line and struck a bus operated by Edwin Davis, which was traveling in the opposite direction.

Davis, and his wife suing derivatively, commenced this action to recover damages for personal injuries arising from medical malpractice against Hammock, DeLuca, and Island Medical (hereinafter collectively the Island Medical defendants) and the hospital. The hospital and the Island Medical defendants separately moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against each of them. The plaintiffs cross-moved for leave to amend the complaint to add a cause of action alleging negligence, and to consolidate this action with two related actions. In an order entered July 12, 2012, the Supreme Court granted the separate motions of the hospital and the Island Medical defendants pursuant to CPLR 3211 (a)

(7) to dismiss the complaint insofar as asserted against each of them, denied that branch of the plaintiffs' cross motion which was for leave to amend the complaint, and denied, in effect, as academic, that branch of the plaintiffs' cross motion which was for consolidation. In a judgment entered upon the order on September 11, 2012, the Supreme Court dismissed the complaint. The plaintiffs appeal.

"In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the sole criterion is whether from the complaint's 'four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law' " (*Nasca v Sgro*, 101 AD3d 963, 964 [2012], quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). "[T]he court must afford the complaint a liberal construction, 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Woss, LLC v 218 Eckford, LLC*, 102 AD3d 860, 860 [2013], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994] [citation omitted]).

Viewing the complaint in the light most favorable to the plaintiffs, even as amplified by the evidence submitted by the plaintiffs in opposition to the defendants' motions (*see Leon v Martinez*, 84 NY2d at 87-88), the complaint failed to state a cause of action alleging medical malpractice, since only Walsh, and not Davis, had a physician-patient relationship with the defendants. Accordingly, the allegations did not support a duty of care owed by the defendants to the injured plaintiff (*Baker v Inamdar*, 99 AD3d 742, 744 [2012]).

Furthermore, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' cross motion which was for leave to amend the complaint to add a cause of action alleging simple negligence. "Generally, there is no 'duty to control the conduct of third persons to prevent them from causing injury to others,' even where, as a practical matter, the defendant could have exercised such control" (*Citera v County of Suffolk*, 95 AD3d 1255, 1258 [2012], quoting *Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1, 8 [1988]). "However, courts have imposed a duty of care where 'there exist special circumstances in which there is sufficient authority and ability to control the conduct of third persons that [courts] have identified a duty to do so. Thus, [courts] have imposed a duty to control the conduct of others where there is a special relationship: a relationship between defendant and [the] third person whose actions expose plaintiff to harm such as would require

[one] defendant to protect the plaintiff from the conduct of others' " (*Malave v Lakeside Manor Homes for Adults, Inc.*, 105 AD3d 914, 915-916 [2013], quoting *Purdy v Public Adm'r of County of Westchester*, 72 NY2d at 8, and *Fox v Marshall*, 88 AD3d 131, 136 [2011]). Here, the proposed amended complaint failed to allege that the defendants possessed sufficient authority and ability to control Walsh's conduct so as to give rise to a duty to protect Davis, a member of the general public (*see Purdy v Public Adm'r of County of Westchester*, 72 NY2d at 8; *Malave v Lakeside Manor Homes for Adults, Inc.*, 105 AD3d at 915-916; *Citera v County of Suffolk*, 95 AD3d at 1259; *Engelhart v County of Orange*, 16 AD3d 369, 371-372 [2005]; *cf. Fox v Marshall*, 88 AD3d at 137-138). Thus, the proposed amendment was palpably insufficient and patently devoid of merit (*see* CPLR 3025 [b]; *Ferdico v Zweig*, 82 AD3d 1151, 1154 [2011]; *Wirsing v Donzi Mar. Inc.*, 30 AD3d 589, 590 [2006]).

The plaintiffs' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly granted the separate motions of the hospital and the Island Medical defendants pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against each of them, denied that branch of the plaintiffs' cross motion which was for leave to amend the complaint, and denied, in effect, as academic, that branch of the plaintiffs' cross motion which was for consolidation. Rivera, J.P., Lott, Miller and Hinds-Radix, JJ., concur. ■