■ Miranda M. Malone et al., Infants, by Their Father and Natural Guardian, James P. Malone, Respondents, v County of Suffolk et al., Defendants, and Stan Xuhui Li, M.D., Appellant. [8 NYS3d 408]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendant Stan Xuhui Li appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated November 26, 2012, as denied his motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Stan Xuhui Li pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him is granted.

On June 19, 2011, David Laffer, a drug addict, shot and killed four people, including the plaintiffs' mother (hereinafter the decedent), while committing a robbery at a pharmacy in Medford in an attempt to procure narcotics. The plaintiffs commenced this action, inter alia, to recover damages for the alleged wrongful death of their decedent. Among other things,

they asserted negligence and public nuisance causes of action against the defendant physician Stan Xuhui Li. In the complaint and in opposition papers submitted to the Supreme Court, the plaintiffs alleged that Li operated a pain management clinic which functioned as a "pill mill," and that he knowingly prescribed narcotics to drug addicts, including Laffer, and to people who had previously overdosed on drugs. Li moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him for failure to state a cause of action, arguing that he did not owe a duty to the decedent or to the general public. The Supreme Court denied Li's motion, concluding that Li owed a duty to the general public, including the decedent, to refrain from overprescribing addictive drugs in an "irresponsible and potentially criminal manner," and that the complaint sufficiently alleged a breach of this duty with respect to the prescriptions Li wrote for Laffer.

"To prevail on a cause of action alleging negligence, a plaintiff must establish the existence of a legal duty, a breach of that duty, proximate causation, and damages" (*Pasquaretto v Long Is. Univ.*, 106 AD3d 794, 795 [2013]). "Absent a duty of care, there is no breach, and without breach there can be no liability" (*id.* at 795 [internal quotation marks omitted]). "The question of whether a defendant owes a duty of care to another person is a question of law for the courts" (*Malave v Lakeside Manor Homes for Adults, Inc.*, 105 AD3d 914, 915 [2013]).

Generally, "[w]ithout a duty running *directly to the injured person* there can be no liability in damages, however careless the conduct or foreseeable the harm" (*Lauer v City of New York*, 95 NY2d 95, 100 [2000] [emphasis added]). Further, "there is no 'duty to control the conduct of third persons to prevent them from causing injury to others,' even where, as a practical matter, the defendant could have exercised such control" (*Citera v County of Suffolk*, 95 AD3d 1255, 1258 [2012], quoting *Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1, 8 [1988]).

Courts generally have been wary of expanding the obligation of duty, but have determined that the issue must be resolved on a case-by-case basis. " '[J]udicial resistance to the expansion of duty grows out of practical concerns both about potentially limitless liability and about the unfairness of imposing liability for the acts of another' " (*Zane v Corbett*, 82 AD3d 1603, 1611 [2011], quoting *Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222, 233 [2001]). However, courts have imposed a duty of care "where there exist special circumstances in which there is sufficient authority and ability to control the conduct of third

persons" that courts have identified a duty to exercise such control (*Malave v Lakeside Manor Homes for Adults, Inc.*, 105 AD3d at 915 [internal quotation marks omitted]). Thus, courts have imposed a duty to control the conduct of others "where there is a special relationship: a relationship between [the] defendant and [the] third person whose actions expose [the] plaintiff to harm such as would require [the] defendant to protect the plaintiff from the conduct of others" (*id.* at 915-916 [internal quotation marks omitted]).

The Supreme Court erred in denying Li's motion to dismiss the complaint insofar as asserted against him for failure to state a cause of action. Li did not owe a duty to the decedent or to the general public because no special circumstances existed. The decedent was a stranger to Laffer and a member of the general public, not a member of "a determinate and identified class" (*Tenuto v Lederle Labs., Div. of Am. Cyanamid Co.*, 90 NY2d 606, 614 [1997]). Additionally, Li did not have the authority or the ability to control Laffer and to protect against the risk of harm. In essence, the plaintiffs are arguing that Li was in the best position to prevent the harm by not prescribing narcotics to Laffer. However, this contention represents a departure from the established precedent requiring the existence of "sufficient authority and ability to control the conduct of third persons" to impose a duty (*Malave v Lakeside Manor Homes for Adults, Inc.*, 105 AD3d at 915). Since the plaintiffs failed to state a cause of action sounding in negligence, their public nuisance cause of action, which is based in negligence, also fails to state a cause of action (*see Murphy v Both*, 84 AD3d 761, 763 [2011] ["A nuisance based on negligence is but a single wrong, whether characterized as negligence or nuisance. Whenever a nuisance has its origin in negligence, negligence must be proven"]).

Accordingly, the Supreme Court should have granted Li's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him. Skelos, J.P., Austin, Miller and Hinds-Radix, JJ., concur.