■ MOLLY STEPHEN et al., Appellants, v STATE OF NEW YORK, Respondent. [19 NYS3d 585]—

In a claim to recover damages for personal injuries, etc., the

claimants appeal from a judgment of the Court of Claims (Soto, J.), dated July 16, 2014, which, upon a decision of the same court dated June 23, 2014, made after a trial on the issue of liability, is in favor of the defendant and against them dismissing the claim.

Ordered that the judgment is affirmed, with costs.

The claimants Molly Stephen, Allie Hickenbottom, and Sarah E. Smith (hereinafter collectively the injured claimants) were attacked by a nonparty (hereinafter the assailant) during the course of their employment at Milestone Residence (hereinafter Milestone). At the time of the incident, the assailant was receiving outpatient psychiatric treatment pursuant to Mental Hygiene Law § 9.60 (c) at Milestone from employees of the defendant State of New York. Subsequently, Stephen, and her husband suing derivatively, Hickenbottom, and her husband suing derivatively, and Smith (hereinafter collectively the claimants), commenced this claim against the defendant. The claim proceeded to a trial on the issue of liability, after which a judgment was entered in favor of the defendant and against the claimants dismissing the claim.

"Generally, there is no 'duty to control the conduct of third persons to prevent them from causing injury to others,' even where, as a practical matter, the defendant could have exercised such control" (*Citera v County of Suffolk*, 95 AD3d 1255, 1258 [2012], quoting *Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1, 8 [1988]; *see Davis v South Nassau Communities Hosp.*, 119 AD3d 512, 514 [2014], *lv granted* 24 NY3d 905 [2014]). However, courts have imposed a duty of care where there exist special circumstances in which there is sufficient authority and ability to control the conduct of third persons (*see Purdy v Public Adm'r of County of Westchester*, 72 NY2d at 8; *Malave v Lakeside Manor Homes for Adults, Inc.*, 105 AD3d 914, 915-916 [2013]). Thus, courts have imposed a duty to control the conduct of third persons where there is a special relationship between the defendant and the third person which would require the defendant to attempt to control the third person's conduct (*see Purdy v Public Adm'r of County of Westchester*, 72 NY2d at 8).

Here, contrary to the claimants' contention, they failed to establish, by a preponderance of the evidence, that the defendant had the necessary authority or ability to exercise the requisite control over the assailant's conduct so as to give rise to a duty to protect the injured claimants (*see Citera v County of Suffolk*, 95 AD3d at 1258; *see also Purdy v Public Adm'r of County of Westchester*, 72 NY2d at 8-9; *Malave v Lakeside*

*Manor Homes for Adults, Inc.*, 105 AD3d at 916; *Engelhart v County of Orange*, 16 AD3d 369, 371-372 [2005]; *cf. Fox v Marshall*, 88 AD3d 131, 135-136 [2011]; *Clark v State of New York*, 99 AD2d 616 [1984]).

The parties' remaining contentions are either academic or without merit. Hall, J.P., Roman, Sgroi and Hinds-Radix, JJ., concur. **[Prior Case History: 44 Misc 3d 1209(A), 2014 NY Slip Op 51064(U).]**