Ballan v Greenberg (2025 NY Slip Op 04860)

Ballan v Greenberg

2025 NY Slip Op 04860

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2024-03392
 (Index No. 60401/23)

[*1]Jonathan Ballan, appellant, 
v
Jake Greenberg, et al., respondents.

Law Offices of Daniel W. Isaacs, PLLC, Mount Kisco, NY, for appellant.
Bachner and Associates, P.C., New York, NY (Michael Bachner of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for negligent infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Westchester County (Paul I. Marx, J.), dated December 8, 2023. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendants Stephen Greenberg and Shari Greenberg.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendants to recover damages for negligent infliction of emotional distress. The defendants Stephen Greenberg and Shari Greenberg (hereinafter the Greenbergs) are the parents of the defendant Jake Greenberg (hereinafter Jake). Jake was involved in a relationship with the plaintiff's daughter, which she subsequently ended after several weeks. After the plaintiff's daughter ended the relationship, Jake allegedly stalked and harassed her for months by calling, texting, and messaging her and her friends on social media, despite the plaintiff asking on several occasions for him to stop. Jake allegedly was arrested three separate times on charges related to the stalking and harassment of the plaintiff's daughter. In November 2021, Jake entered a plea of guilty to one count of criminal contempt and one count of stalking. In this action, the plaintiff asserted a cause of action for negligent infliction of emotional distress against Jake and the Greenbergs. The plaintiff alleged that the Greenbergs aided and abetted Jake's behavior by providing for him financially, whilst failing to contact or warn the plaintiff's daughter, the plaintiff, or their family.
The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated December 8, 2023, the Supreme Court, among other things, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the Greenbergs for failure to state a cause of action. The plaintiff appeals.
A cause of action alleging negligent infliction of emotional distress has elements of a defined duty, a breach of that duty, and proximate causality between the breach and the plaintiff's injuries (see Lando v State of New York, 39 NY2d 803, 804-805; Pisula v Roman Cath. Archdiocese of N.Y., 201 AD3d 88, 105).
"The question of whether a defendant owes a duty of care to another person is a question of law for the courts" (Malave v Lakeside Manor Homes for Adults, Inc., 105 AD3d 914, 915). "Absent a duty of care, there is no breach, and without breach there can be no liability" (Fox v Marshall, 88 AD3d 131, 135). "[C]ourts have imposed a duty of care where there exist special circumstances in which there is sufficient authority and ability to control the conduct of third persons that courts have identified a duty to do so" (Malave v Lakeside Manor Homes for Adults, Inc., 105 AD3d at 915 [alteration and internal quotation marks omitted]). However, a parent is not liable for the tortious or intentional conduct of an emancipated child (see Kouril v SLS Residential, Inc., 87 AD3d 560, 561; Troiano v DeMarco, 50 AD3d 1020). Here, the Greenbergs owed no duty of care to the plaintiff to protect him against the actions of their emancipated adult son. As duty is a necessary requirement for any cause of action to recover damages for negligence, the plaintiff therefore failed to plead a cause of action to recover damages for negligent infliction of emotional distress (see Malone v County of Suffolk, 128 AD3d 651, 652). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the Greenbergs.
IANNACCI, J.P., FORD, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court